**Sally SMITH, et al, Appellants,**

v.

**McCLESKEY, HARRIGER, BRAZILL, & GRAF, L.L.P., Appellee.**

No. 11–99–00060–CV.

Court of Appeals of Texas, Eastland.

April 6, 2000.

Rehearing Overruled May 11, 2000.

Steve Hershberger, Allan R. Hawkins, Midland, for appellants.

Perry Davis, Shafer, Davis, Ashley, O'Leary & Stoker, Odessa, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

## OPINION

**W.G. ARNOT, III, Chief Justice.**

Several members of the class of royalty owners involved in an earlier class action lawsuit[1] brought a separate lawsuit against various people and entities that had been involved in the class action, including the law firm of McCleskey, Harriger, Brazill & Graf, L.L.P. (McCleskey). Sally Smith, Mike Denny, and Richard Midkiff, (plaintiffs), and Clark Franklin, Cecil Carpenter, Grace Satterfield, Hazelle Calcote, Reid McClellan, and Lona C. Taylor, (intervenors), asserted claims against McCleskey and the other defendants for professional negligence/legal malpractice,

violation of confidential relationship/breach of fiduciary duties, conspiracy, deceptive trade practices, breach of contract, barratry and unlawful solicitation, economic duress, fraud, deception, misrepresentation, and tortious interference with a prospective advantage. The trial court entered a take-nothing summary judgment in favor of McCleskey and severed the causes of action against McCleskey from the rest of the case. We reverse and remand.

In its motion for summary judgment, McCleskey contended that it owed "no duty" to appellants because it represented the class, not the individual plaintiffs, in the underlying class action and because it did not represent the class or appellants at the time that they assigned part of their recovery in the class action to a third party, Toshi Petroleum Inc. McCleskey also contended in its motion for summary judgment that there was no "legal injury caused" by McCleskey. Finally, McCleskey asserted that it was entitled to a no-evidence summary judgment under TEX. R.CIV.P. 166a(i). The trial court granted McCleskey's motion but did not specify the grounds upon which it granted the motion.

■ Appellants present six issues for review. In their first, second, and sixth issues, they attack the granting of a summary judgment under Rule 166a(i). In the second issue, appellants complain that McCleskey's motion for summary judgment failed to recite the particular elements for which there was no evidence. We agree and sustain the second issue. Consequently, we need not address the first and sixth issues. TEX.R.APP.P. 47.1.

The relevant part of McCleskey's motion merely recited the general law under Rule 166a(i) and stated:

> In this case the Plaintiffs have the burden of proving a breach of fiduciary duty, professional negligence, conspiracy, violation of the Texas Deceptive

<hr />

**1.** See *Dresser Industries, Inc. v. Snell*, 847 S.W.2d 367 (Tex.App.—El Paso 1993, no writ).

Trade Practices Act, breach of contract, economic duress, and tortious interference. The Affidavit of Don Graf, Exhibit "A" to this motion, clearly shows that as a matter of law Plaintiffs and Intervenors have no cause of action against the Defendants.

Rule 166a(i) provides that a no-evidence motion for summary judgment "must state the elements as to which there is no evidence." McCleskey's motion failed to state the elements for which it claimed there was no evidence. Therefore, we hold that the motion was insufficient and that the trial court erred insofar as it granted a no-evidence summary judgment.

■ In their remaining issues, appellants contend that the summary judgment was based upon erroneous legal theories and that there was summary judgment evidence which created genuine issues of material fact. In addressing these issues, we must consider the summary judgment evidence in the light most favorable to the non-movants, indulging all reasonable inferences in their favor. We must determine whether the movant proved that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546 (Tex.1985); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979). In order for it to be entitled to summary judgment, a defendant must have either disproved an element of each cause of action or established an affirmative defense as a matter of law. *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997). We note that, although McCleskey objected to appellants' summary judgment proof as inadmissible hearsay, McCleskey failed to obtain a ruling on the objection and, thus, waived the objection. TEX.R.APP.P. 33.1(a); TEX. R.CIV.P. 166a(f); *Green v. Industrial Specialty Contractors, Inc.*, 1 S.W.3d 126, 130 (Tex.App.—Houston [1st Dist.] 1999, no pet'n); *St. Paul Insurance Company v.*

*Mefford*, 994 S.W.2d 715, 721 (Tex.App.—Dallas 1999, pet'n den'd); *Wilcox v. Hempstead*, 992 S.W.2d 652, 656–57 (Tex.App.—Fort Worth 1999, no pet'n).

■ Appellants' claims against McCleskey, Toshi, and others stem from their contention that they were "surreptitiously charged two unconscionable fees" in the underlying class action. The underlying class action was instituted after James Mitchell read a newspaper article about a similar suit brought by the owner of the working interest.[2] Mitchell and his mother formed Toshi for the purpose of soliciting royalty owners to join the lawsuit. He sent form letters to all of the royalty owners outlining the lawsuit and requesting that they sign either the attached "Contingent Fee Agreement" or the statement that:

> I do not wish to participate in the effort to recover money for damages that [may] be due me as a royalty owner in some of the 531 wells due to improper procedures and materials in stimulating.

Appellants, along with approximately 1,400 other royalty owners, signed the contingent fee agreement, which provides:

> For and in consideration of Toshi Petroleum Inc . . . . furnishing or causing to be furnished the expense and work in the royalty owners lawsuit against Dresser Industries, Baker Hughes et al, I hereby assign one-third (⅓) of any recovery made on my behalf to Toshi Petroleum Inc. It is further understood that I will bear no further expense. Any other expense and/or fees will be recovered from the defendants.

Upon the settlement of the underlying class action, checks for a proportionate share of the settlement proceeds were issued to each class member. The attorneys' fees and expenses were taken out of the $15,000,000 settlement fund prior to allocating the balance of the fund to the class members. Attorneys' fees of $3,750,-000 were sought by class counsel in the

---

**2.** See *Dresser Industries, Inc. v. Snell, supra* at n. 2 and 373.

underlying class action. McCleskey was lead counsel for the class. The checks that were issued to the class members who had signed the contingent fee agreement with Toshi, however, were made payable jointly to Toshi and the class member. Pursuant to the agreement, Toshi claimed a right to one-third of the amount payable in these checks. Thus, appellants allege that they were wrongfully subjected to a double charge for fees and expenses.

McCleskey's summary judgment proof shows that appellants (with the exception of Taylor who was not mentioned in McCleskey's proof) signed the contingent fee agreement prior to September 17, 1991, the date that the underlying lawsuit was certified as a class action. The summary judgment proof also shows, however, that appellants signed the contingent fee agreements after McCleskey was hired by Mitchell. McCleskey began representing Mitchell as early as January 23, 1991, with respect to filing a class action on behalf of the royalty owners. Mitchell paid McCleskey $50,000. The summary judgment proof reveals that, on March 25, 1991, McCleskey conducted "[r]esearch on questions regarding Toshi letter and whether it is appropriate or a violation of solicitation prohibitions." Mitchell testified that he mailed the letters "[p]robably February to May of 1991" and that he hired McCleskey to represent the class of royalty owners including Sally Smith.

■ The existence of a duty is generally a question of law for the court to determine from the facts surrounding the occurrence in question. *Greater Houston Transportation Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex.1990); but see *Mitchell v. Missouri–Kansas–Texas Railroad Company*, 786 S.W.2d 659, 662 (Tex.), *cert. den'd*, 498 U.S. 896, 111 S.Ct. 247, 112 L.Ed.2d 205 (1990)(recognizing that the existence of a duty may involve a question of fact). In this case, it was undisputed that McCles-

key was lead counsel for the class and that appellants were class members. There was also some summary judgment evidence that Mitchell hired McCleskey to represent the class. "Both class action jurisprudence generally ... and Texas law specifically impose fiduciary duties on attorneys in their relationship with their clients." *General Motors Corporation v. Bloyed*, 916 S.W.2d 949, 959 (Tex.1996); see also *In re General Motors Corporation Pick–Up Truck Fuel Tank Products Liability Litigation*, 55 F.3d 768, 801 (3rd Cir.1995). Cf. *Gillespie v. Scherr*, 987 S.W.2d 129 (Tex.App.—Houston [14th Dist.] 1998, pet'n den'd)(no duty owed where class was never certified). We hold that McCleskey failed to prove as a matter of law that it owed no duty to appellants.[3] To the extent that it was granted on the ground of "no duty," the summary judgment was erroneous.

■ Next, we address McCleskey's assertion in its motion for summary judgment that it caused no legal injury to appellants because it was the court, not McCleskey, who ordered that Toshi be named as a joint payee on the distribution checks and because the court order provided that any claims that members of the class may have against Toshi were not adjudicated. Although McCleskey showed that there may have been other causes for appellants' injuries, McCleskey failed to show as a matter of law that it did not cause any injury to appellants. There was some summary judgment evidence that McCleskey reviewed the "Toshi letter" that was sent to appellants and researched the appropriateness of the letter. Mitchell's testimony indicated that McCleskey advised him that soliciting clients for the lawsuit was "perfectly legal and advisable." Therefore, to the extent that summary judgment was granted on this basis, it was erroneous. McCleskey failed to prove that there were no genuine issues of material

---

3. In holding that McCleskey failed to show that it owed no duty to appellants, we do not determine what duties were owed or when

they were created, and we express no opinion on McCleskey's liability to appellants.

fact and that it was entitled to summary judgment as a matter of law.

The judgment of the trial court is reversed, and the cause is remanded.