Linda Bradbury v. State Industries, Inc., et al.















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-274-CV

     LINDA BRADBURY,
                                                                         Appellant
     v.

     STATE INDUSTRIES, INC., ET AL.,
                                                                         Appellees
 

From the 18th District Court
Johnson County, Texas
Trial Court # 241-98
                                                                                                                
                                                                                                         
OPINION DENYING REHEARING
                                                                                                                

      On November 29, 2000, in an appeal from an order certifying three classes of plaintiffs (the
“certified classes”) and authorizing the suit as a class-action, we reversed the order (the
“certification appeal”). State Industries, Inc. v. Fain, No. 10-99-145-CV, 2000 WL 1800578
(Tex. App.—Waco Nov. 29, 2000, no pet. h.). While that appeal was pending, however, the class
representatives, acting on behalf of three classes (the “settlement classes”), settled with the
defendant, States Industries, Inc. (“State”), and the parties asked the trial court to approve their
settlement. Linda Bradbury (“Bradbury”), an unnamed member of a settlement class, intervened
in the trial court and objected to the settlement. After a hearing, the court overruled her objections
and approved the settlement. Bradbury brought this appeal (the “settlement appeal”). At the time
we decided the certification appeal, we believed that the three certified classes and the three
settlement classes were identical. Thus, on the same day that we reversed the trial court’s order
certifying the classes, we vacated the trial court’s order approving the settlement agreement. 
Counsel for the classes has filed a motion for rehearing (the “class motion”), which we address
today.
CLASS ACTIONS
      Before we address the motion, we state some of the duties of the participants in a class-action
suit, particularly as they relate to settlement. Tex. R. Civ. P. 42.
        As an appellate court, we review
whether the trial court met that obligation as part of our review for abuse of discretion. Rainbow
Group, Ltd. v. Johnson, 990 S.W.2d 351, 359 (Tex. App.—Austin 1999, pet. dism’d w.o.j.).
      One of the components required for class representatives to maintain a class action is
“adequacy of representation.” Tex. R. Civ. P. 42(a)(4); Rainbow Group, Ltd., 990 S.W.2d at
356. Factors affecting that determination include whether or not there is a potential conflict of
interest between the class representatives and the unnamed members of the class. State Farm
Mutual Auto Ins. Co. v. Lopez, No. 13-99-814-CV, 2001 WL 91717, at *9 (Tex. App.—Corpus
Christi Feb. 1, 2001, no pet. h.); Dresser Indus., Inc. v. Snell, 847 S.W.2d 367, 373 (Tex.
App.—El Paso 1993, no writ).
      “Both class action jurisprudence generally . . . and Texas law specifically impose fiduciary
duties on attorneys in their relationship with their clients.” Bloyed, 916 S.W.2d at 959. Thus,
once a class is certified, class counsel have a fiduciary duty to all members of that class. Smith
v. McCleskey, Harriger, Brazill, & Graf, L.L.P., 15 S.W.3d 644, 647 (Tex. App.—Eastland
2000, no pet.).
HISTORY OF THIS LITIGATION
      We now set forth the sequence of events which, from our vantage point, are material to our
decision on the motion for rehearing:
      •    This litigation began in October of 1998; Thomas W. Fain and five other plaintiffs (the
“class representatives”) sued State Industries, Inc. in Johnson County, alleging damages
on behalf of three nationwide classes arising out of State’s manufacture of residential
electric water heaters;
      •    On May 18, 1999, the trial court entered findings of fact and conclusions of law, noting
(among other findings) that the classes being certified included “thousands or perhaps
millions of property owners;” the court certified the suit as a class action under Rule 42
of the Texas Rules of Civil Procedure;
      •    State appealed that order to this court as allowed by Section 51.014(a)(3) of the Texas
Civil Practice and Remedies Code;
      •    On February 1, 2000, the class representatives notified us that they had tentatively settled
the litigation and asked us to “stay” a decision in the certification appeal to allow time
to finalize a settlement; we issued a stay and, on motion of the parties, three extensions;
      •    With the certification appeal still pending, on March 8, the class representatives,
represented by class counsel, entered into a settlement agreement with State;
      •    On March 10, the trial court gave preliminary approval to the proposed settlement,
approved the form of notice, directed that notice be given, and set a date for
consideration of final approval of the settlement;
      •    On June 5, Bradbury intervened in the suit and filed an objection to the settlement;
      •    On July 24, after a hearing, the trial court approved the settlement over Bradbury’s
objections;
      •    On August 18, Bradbury filed her notice of appeal from the order approving the
settlement;
      •    On August 30, the class representatives, acting through class counsel, asked us to
expedite our decision in the settlement appeal, referring to the trial court’s May 18 order
“certifying three nationwide classes” and stating that State had agreed to compensate “all
members of the three plaintiff classes whose claims were not barred by the Uniform
Commercial Code’s four-year statute of limitations”; 
      •    On September 16, our third extended stay of the certification appeal expired by its own
terms;
      •    On October 20, Bradbury filed her brief in the settlement appeal;
      •    On October 30, the class representatives filed their reply brief, and the settlement appeal
was “at issue.”
OUR DECISIONS
      Because our opinion in the certification appeal had been written and was scheduled to be
issued within a few days of February 1, 2000, the date on which a stay of that proceeding was first
requested, because the extended stay had expired by its own terms, and because we had
determined that the certified classes were improper, we decided to issue our opinion in the
certification appeal. Because we determined in the certification appeal that the certification order
should be reversed and we believed that the certified classes and the settlement classes were the
same, we determined that our decision reversing the certification order dictated that the order
approving the settlement agreement be vacated. Thus, on November 29, 2000, we issued
simultaneous opinions reversing the order certifying the class action (Cause No. 10-99-00145-CV)
and vacating the order approving the settlement (this appeal).
MOTION FOR REHEARING 
      On December 15, 2000, the class representatives, acting through class counsel, filed the
motion for rehearing, explicitly telling us for the first time that “[t]he settlement agreement
modified the scope of the original classes certified in May of 1999.” The class motion states that
this court “abdicated [our] proper judicial role as fiduciary for the absent class members” by
“ignor[ing]” a “carefully negotiated class action settlement” and vacating the order approving the
settlement agreement on “an issue that none of the parties raised.”
      On December 28, 2000, State filed a response opposing the class motion and asserting that
the motion “inaccurately suggests that State joins in the request that the Court vacate its November
29 Opinion. This is simply not true.” State further contends that our reversal of the certification
order “rendered the parties’ settlement agreement null and void.”
      On January 4, 2001, in an effort to clarify the positions of the parties, we requested a
response to the class motion from Bradbury, set the motion for oral argument on January 17, and
directed all counsel to be present.
      After our request for a response and before the date set for oral argument, Bradbury
responded, saying that she had withdrawn her appeal and that the settlement appeal was now moot. 
She joined the class motion in asking for a rehearing. At oral argument, her counsel advised us
for the first time that Bradbury had entered into an agreement with the class representatives, and
we requested a copy of that agreement. A document entitled “Stipulation and Agreement” was
furnished to us shortly thereafter. The document states: “In recognition of the present posture of
the Settlement and the litigation, it is advantageous for members of the previously certified
settlement classes to have this matter resolved now and the appellate process terminated.” 
(Emphasis added.) The agreement requires class counsel to pay Bradbury’s counsel One Million
Two Hundred Fifty Thousand and no/100 Dollars ($1,250,000) out of the Ten Million Six
Hundred Thousand and no/100 Dollars ($10,600,000) awarded as attorney’s fees in the settlement.
      On January 31, Bradbury filed a “Response to Supplemental Filings Following Oral
Argument, “in which she states: “Regrettably, it appears that this Court was not kept fully
apprised of all the details of the settlement reached by State Industries and Plaintiffs.” She urges
that both this appeal and the certification appeal should be dismissed as moot.
DENIAL OF MOTION
      It is now clear that the settlement agreement was reached on behalf of different classes of
persons than the classes initially certified by the trial court. By some estimates, the number of
unnamed class members in the certified classes was twice the number of members of the putative
settlement classes. It is also now clear that, at the time the class representatives and class counsel
were negotiating a settlement on behalf of different (smaller) classes, they remained in the posture
of urging this court to affirm the order certifying the larger classes, in that we had never been
informed that the negotiations and settlement for which we stayed the certification appeal were on
behalf of different classes nor had we been asked to vacate or modify the order certifying the
larger classes.
      We do not agree that the issues in this appeal were moot at the time our opinion was issued
or that they are now moot. We had reached a decision in the appeal and issued our opinion before
Bradbury entered into her “stipulation and agreement” with the class representatives and before
she attempted to withdraw her appeal. In addition, State contends that our decision in the
certification appeal rendered the settlement agreement “null and void,” essentially the result we
reached in our opinion.
      Furthermore, understanding as we now do that the settlement classes are different from the
certified classes and assuming that the class representatives and class counsel were in a position
to negotiate on behalf of different classes than those approved in the trial court’s certification
order, our duty was to examine the settlement to ascertain whether the trial court abused its
discretion in approving it. Crouch v. Tenneco, Inc., 853 S.W.2d 643, 646 (Tex. App.—Waco
1993, writ denied) (Approval of a class action settlement is within the sound discretion of the trial
court and should not be reversed absent an abuse of that discretion.).
      A class action may not be settled or compromised without court approval. Tex. R. Civ. P.
42(e). Given the heightened responsibility of the trial court in approving class action settlements
mandated by Rule 42(e), a plenary hearing, with the opportunity for questioning by the court and
vigorous cross-examination by counsel representing objecting class members, should be the
general rule. Bloyed, 916 S.W.2d at 958. In conducting a plenary hearing on a proposed class
action settlement, the trial court must resolve two primary issues: (1) whether to certify the class
under the Rule 42 prerequisites of numerosity, commonality, typicality, and adequacy of
representation; and, if so, (2) whether the settlement is fair, adequate, and reasonable, considering
the six Ball factors and the amount of attorney's fees to be awarded class counsel. See id. (citing
Ball v. Farm & Home Sav. Ass'n, 747 S.W.2d 420, 423-24 (Tex. App.—Fort Worth 1988, writ
denied)). These two issues are separate, and findings approving the settlement as fair cannot
substitute for the certification findings required by Rule 42. See In re General Motors Corp. Pick-Up Truck Fuel Tank Products Liability Litigation, 55 F.3d 768, 795-96 (3d Cir. 1995) (holding
that findings regarding the fairness of the settlement cannot serve as "a surrogate for" certification
findings because "the settlement approval inquiry is far different from the certification inquiry").
      We find nothing in the record to suggest that the trial court engaged in the same kind of
review of the settlement classes as had been done with the certified classes. In fact, the record
suggests that the trial judge thought that the settlement classes were the same as the certified
classes.
      The settlement agreement does not satisfy all the concerns about the classes which we
expressed in our opinion in the certification appeal. State Industries, 2000 WL 1800578, at *5. 
For example, we found that the class representatives cannot be said to be representative of
plaintiffs nationwide. The changes in the scope of the classes in the settlement agreement do not
satisfy this concern. See id.
      For these reasons, we deny the motion for rehearing.
 
                                                                   BILL VANCE
                                                                   Justice


Before Chief Justice Davis
      Justice Vance, and
      Justice Gray
Motion for rehearing denied
Opinion delivered and filed February 21, 2001
Do not publish