NUMBER 13-01-463-CV

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 

 



RUSSELL M. SMITH AND 

CATHERINE SMITH,                                                            Appellants,

 

                                                   v.

 

MATTHEW MOSSBACKER, M.D.,


T. ADAM
KASPAR, M.D., 

RICHARD G.
STOVAL, M.D., 

JOHN C.
WRIGHT, M.D., 

JAMES B.
SHOOK, M.D., AND 

CROSSROADS ORTHOPEDICS, P.A.,                                     Appellees.



 

 

                        On appeal from the 377th
District Court

                                  of Victoria County,
Texas.

 



 

                                   O P I N I O N

 

        Before Chief Justice Valdez and Justices Dorsey
and Rodriguez

                                  Opinion by Justice Dorsey

 

 








In
this medical malpractice action, Russell M. Smith and Catherine Smith,  plaintiffs below, appeal a no-evidence
summary judgment granted in favor of appellees, Matthew Mosbacker, M.D.; T.
Adam Kaspar, M.D.; Richard G. Stoval, M.D.; John C. Wright, M.D.; James B.
Shook, D.O.; and Crossroads Orthopedics, P.A., defendants in the trial
court.  By a single issue, appellants
complain that the trial court erred in granting appellees= motions for no-evidence summary
judgment.  We reverse and remand.

                            FACTUAL AND
PROCEDURAL BACKGROUND

Appellant
Russell Smith had a rare condition know as pigmented Villonodular synovitis
(PVNS) occur in his right knee.  After
consultation with and recommendation of appellees Shook and Mosbacker, Smith
had radiation treatment of his knee, followed by a total knee replacement.  Shortly after the knee replacement, Smith was
hospitalized because the surgical wound did not heal and became infected.  Smith was treated by appellees Stoval,
Wright, and Kaspar.  Smith=s leg was ultimately amputated
above the knee because of infection.        








Smith
filed suit against appellees alleging that they were negligent.  Appellees filed three separate motions for
no-evidence summary judgment.  Mosbacker
and Kaspar each filed separate motions and Stoval, Wright, Shook and Crossroads
Orthopedics filed a joint motion.  They
argue that there was no evidence as to the standard of care, no evidence of a
breach of the standard of care, and no evidence of causation.  Appellants responded and attached an
affidavit of Dr. Gary Miller, an orthopedic surgeon.  Appellees filed a joint objection to this
affidavit because of contradictions between Miller=s affidavit and his subsequent
deposition.  The trial court granted the
motions for summary judgment for the appellees without making any reference to
appellees= objection to the affidavit. 

                                            STANDARD
OF REVIEW

Under Texas Rules of Civil Procedure, 166a(i), a party may file
for a motion for summary judgment Aon the ground that there is no
evidence of one or more essential elements of a claim or defense. . . . @ 
Tex. R. Civ. P. 166a(i)
The motion must identify those elements that the movant contends lack
evidence.  Id.  The elements that must be proven for a
medical malpractice action are A(1) a physician=s duty to act according to a
certain standard; (2) a breach of the applicable standard of care; (3) an  injury; and (4) a causal connection between
the breach of care and the injury.@ Day v. Harkins & Munoz, 961
S.W.2d 278, 280 (Tex. App.CHouston [1st Dist.]1997, no pet.).








To
avoid such a summary judgment, the non-movant must produce evidence as to the
elements challenged, so as to raise a genuine issue of fact.  Tex.
R. Civ. P. 166a(i).  The response
only needs to Apoint out evidence that raises a
fact issue on the challenged elements.@ 
Tex. R. Civ. P. 166a(i)
& cmt.  As in traditional summary
judgments, the evidence is viewed in the light most favorable to the
non-movant, disregarding all contrary evidence and inferences, and if there is Amore than a scintilla of probative
evidence to raise a genuine issue of material fact,@ then the no-evidence summary
judgment should not be granted.  Zapata
v. The Children=s Clinic, 997 S.W.2d 745, 747 (Tex. App.CCorpus Christi 1999, pet. denied). 

AMore than a scintilla of evidence
exists when the evidence >rises to the level that would
enable reasonable and fair-minded people to differ in their conclusions.=@  
Moore v. Kmart Corp., 981 S.W.2d 266, 269 (Tex. App.CSan Antonio 1998, pet. denied)
(citing Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex.
1997)).  A genuine issue exists if Athe evidence is such that a
reasonable jury could find that fact in favor of the non-moving party.@ 
Id.  Material facts are
those facts which Aaffect the outcome of the suit
under the governing law.@ 
Id.  AEvery reasonable inference in favor
of the non-movant@ must be indulged and we must Aresolve any doubts in its favor.@ 
Weaver v. Highlands Ins. Co., 4 S.W.3d 826, 830 (Tex. App.CHouston [1st  Dist.] 1999, no pet.) (citing Randal=s Food Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995);
Marchal v. Webb, 859 S.W.2d 408, 412 (Tex. App.CHouston [1st Dist.] 1993, writ
denied).  In addition, Awe will assume all the evidence
favorable to the non-movant is true.@ 
Id.  (citing Randal=s Food Mkts., Inc., 891 S.W.2d at 644; Thompson v.
Vinson & Elkins, 859 S.W.2d 617, 619 (Tex. App.CHouston [1st Dist.] 1993, writ
denied)).

                                                      ANALYSIS








Appellants= sole issue on appeal is that the
trial court erred in granting appellees= motions for summary judgment.  The appellants argue that appellees failed to
specifically point out the essential elements that have no evidence and that
the affidavit from Dr. Gary Miller was sufficient to raise a genuine issue of
material fact.  Appellees counter by
arguing that the summary judgment motion complied with the rule, that the
appellants failed to present any probative evidence of negligence, and, on
Mosbacker=s behalf only, that Dr. Miller is
not qualified to testify on the standard of care for a rheumatologist.

A
summary judgment motion will be insufficient if it fails Ato state the elements as to which
there is no evidence.@ 
Smith v. McCleskey, Harriger, Etc., L.L.P., 15 S.W.3d 644 (Tex.
App.CEastland 2000, no pet.); see
Oasis Oil Corp. v. Koch Ref. Co. L.P., 60 S.W.3d 248, 252 (Tex. App.BCorpus Christi 2001, pet.
denied).  Upon review of appellees= motions for summary judgment, we
find them sufficiently precise. 








Mosbacker=s summary judgment motion asserts
that (1) there is no evidence that he did or failed to do anything that caused
injury to Smith, (2) the appellant has no rheumatology expert critical of
Mosbacker, (3) appellant has no expert to testify on rheumatology, and (4)
there is no evidence of a causal relationship between Mosbacker and the
appellant=s injuries.  Kaspar=s no-evidence summary judgment
motion contends that the plaintiffs have (1) no evidence to establish Kaspar=s standard of care, (2) no evidence
that Kaspar breached the standard of care, and (3) that there is no evidence of
a causal relationship between Dr. Kaspar and appellant=s injuries. The no-evidence summary
judgment motion for Stoval, Wright, Shook, and Crossroads Orthopedics contends
that (1) there is  no evidence that any
of these defendants failed to act as a reasonable and prudent orthopedist, and
(2) there is no evidence of any negligent act or omission that was the
proximate cause of appellants= injuries. All three motions have
sufficiently addressed the standard of care, the breach of that standard of
care, and causation components of a medical malpractice claim.  See Day, 961 S.W.2d at 280. We
conclude that the summary judgment motions were sufficient.

We
next consider appellants= argument that Dr. Miller=s affidavit raised a genuine issue
of material fact.  The affidavit
addresses and raises genuine issues of material fact to all the elements
referred to in the no-evidence summary judgment motions.  All appellees jointly objected to the
affidavit by written motion that included an attachment of deposition
evidence.  The objection was that it
conflicted with affiant=s subsequent deposition
testimony.  The trial court granted the
summary judgment but did not rule on the objection to the affidavit. 








Because
appellees did not get a ruling on their objection and there is no language in
the summary judgment order ruling on it, the objection is waived for purposes
of appeal.[1]  See Gomez v. Diaz, 57 S.W.3d 573, 578
(Tex. App.BCorpus Christi 2001, no pet.)
(citing Castillo v. Tropical Tex. Ctr. for Mental Health and Mental
Retardation, 962 S.W.2d 622, 625 (Tex. App. BCorpus
Christi 1997, no writ)). 

If
the subsequent deposition is considered to be summary judgment evidence,
although it was not tendered as such, it still would not be sufficient to grant
summary judgment.  While the deposition
may be read to contradict or be inconsistent with the affidavit, it does not
negate any genuine issue of material fact. 
Any inconsistencies or contradictions between the affidavit and the
deposition would not exclude it as evidence in summary judgment proceedings.  Larson v. Family Violence and Sexual Assault
Prevention Ctr. of S. Tex., 64 S.W.3d 506, 513 (Tex. App.BCorpus Christi 2001, pet. denied)
(citing Thompson v. City of Corisicana Hous. Auth., 57 S.W.3d 547 (Tex.
App BWaco 2001, no pet.); Grizzle v.
Tex.  Commerce Bank N.A., 38 S.W.3d
265, 283 (Tex. App. BDallas 2001, pet. granted)).
Instead, the inconsistency or contradiction bolsters the notion of a fact issue
to be resolved by the trier of fact  See
id. Miller=s affidavit constitutes more than a
scintilla of probative evidence; therefore the no-evidence summary judgment
must fail.  Moreover, as a substantive
matter, where Aconflicting inferences may be drawn
from a deposition and from an affidavit filed by the same party in opposition
to a motion for summary judgment, a fact issue is presented.@ Randal v. Dallas Power &
Light Co., 752 S.W.2d 4, 5 (Tex. 1988).








Viewing
the evidence in the light most favorable to the non-movant, the appellants= affidavit is sufficient to raise a
genuine issue of material fact.  See
Randal=s Food Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex.
1995)  Accordingly, appellants=s only point of error is sustained.
We reverse the court=s no-evidence summary judgment and
remand for proceedings consistent with this opinion.  

 

 

 

______________________________

J. BONNER DORSEY,

Justice

 

Publish.

Tex. R. App. P. 47.3(b).

 

Opinion delivered and filed

this 5th day of December, 2002.                                     











[1]
Citing Farroux v. Denny=s
Rest., Inc., 962 S.W.2d 108,111 (Tex. AppBHouston
[1st Dist.] 1997, no writ) and Cantu v. Peacher, 53 S.W.3d 5, 10-11
(Tex. App.CSan Antonio
2001, writ denied), appellees argue that if Miller=s
affidavit contradicts his own deposition testimony without explanation for the
changes, then the court is to assume the affidavit was produced solely to avoid
summary judgment.  This policy is to
prevent parties from thwarting the purpose of summary judgments Aby
creating >sham=
issues of fact with affidavits that contradict their prior depositions. If such
contradictions were permitted, [the Seventh Circuit] reasoned, >the
very purpose of the summary judgment motion--to weed out unfounded claims,
specious denials, and sham defenses--would be severely undercut.=@
Bank of Illinois v. Allied Signal Safety Restraint Sys., 75 F.3d 1162,
1168-69 (7th Cir. 1996).  The Fourth
Court of Appeals held that Aif
the subsequent affidavit clearly contradicts the witness=s
earlier testimony involving the suit=s
material points, without explanation, the affidavit must be disregarded and
will not defeat the motion for summary judgment.@
Cantu, 53 S.W.3d. at 10-11. In both Farroux and
Cantu, the contradictory affidavit was taken after the deposition.                                                                                                                                                                

Although
appellees insist on the contrary, the record in this case shows that the
affidavit was dated three days before the deposition was taken. At the
time the affidavit was signed, there was no deposition in existence to compare
with or be contradicted against. 
Therefore, the notion of a Asham@
affidavit can and should be ignored.