Paula CLEMONS, The Estate of Robert Clemons, Chad Aaron Clemons, David Eric Clemons and Robyn Renee Clemons Faupel, Appellants,

v.

CITIZENS MEDICAL CENTER, Appellee.

No. 13–00–210–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 9, 2001.

Before Justices HINOJOSA, YAÑEZ, and CASTILLO.

## OPINION

Opinion by Justice YAÑEZ.

Appellants Paula Clemons, individually and as next friend of Charles Ryan Faupel, a minor; Chad Aaron Clemons; David Eric Clemons and Robyn Renee Clemons Faupel, individually and as next friend of Charles Ryan Faupel, a minor; brought suit against Citizens Medical Center ("CMC") and several other defendants.[1] CMC filed a motion for summary judgment and severance, which was granted. With two issues, appellants challenge the granting of the summary judgment. We affirm.

## Background

Appellants filed suit on July 9, 1998, alleging several causes of action arising from alleged medical negligence which resulted in the death of Robert Clemons. Appellants alleged that Clemons had been admitted to CMC and had been treated by the doctor defendants. CMC filed a motion for summary judgment on December 1, 1999. Appellants responded to CMC's motion for summary judgment on January 6, 2000, by filing a response to CMC's motion and a separate motion for continuance of the hearing on the motion for summary judgment. On January 14, 2000, the trial court granted the summary judgment, dismissing, with prejudice, all of the appellants' claims and severing all of the appellants' claims into a new cause of action.

Carolyn Barnes, Round Rock, TX, Attorney for Appellants.

Richard D. Cullen, Cullen, Carsner, Seerden & Cullen, Victoria, TX, Attorney for Appellee.

1. The other defendants named in appellants' suit were: James K. Fuller, M.D., individually and as James K. Fuller, M.D., P.A.; James Record, M.D.; Dakshesh Kumar Parikh, M.D.; Boniface Gbalazeh; Emergency Health Services Associates, P.A., a/k/a EMCARE; Gulshan K. Minocha, M.D.; John P. Soule, M.D.; and Dennis Tobin.

Appellants challenge the summary judgment with two issues on appeal. With their first issue, appellants argue that the trial court erred by denying their motion for continuance. Appellants argue in their second issue that the trial court erred by granting the summary judgment. We will address the summary judgment issue first.

### The Summary Judgment

In their second issue on appeal, appellants argue that the trial court erred by granting a no-evidence summary judgment prior to the completion of discovery. A no-evidence summary judgment is restricted in that it cannot be granted prior to the passage of an "adequate time for discovery." Tex.R. Civ. P. 166a(i); *Crow v. Rockett Special Util. Dist.*, 17 S.W.3d 320, 328 (Tex.App.—Waco 2000, pet. denied). This time restriction does not apply to a traditional motion for summary judgment. Tex.R. Civ. P. 166a(b). CMC argues that the summary judgment was not a no-evidence summary judgment, although it was "inartfully drafted in that it alleged that it was filed under the 'no evidence' provision of Rule 166a(i)." CMC contends that the summary judgment motion was actually a traditional motion for summary judgment, with the "no-evidence" language being based on the affirmative defense of sovereign immunity. The motion was supported with an affidavit.

To determine if the trial court erred by granting the summary judgment prior to the discovery cutoff date, we must first determine whether this is a traditional motion for summary judgment, or a no-evidence summary judgment under Texas Rule of Civil Procedure 166a(i). If the summary judgment is a traditional summary judgment, then the discovery deadline would have no impact on the court's decision to grant the judgment.

### No—Evidence Summary Judgment

A no-evidence summary judgment is based on the ground that the opposing party has no evidence of one or more essential elements of a claim or defense on which the opposing party has the burden of proof at trial. Tex.R. Civ. P. 166a(i). A party may move for a no-evidence summary judgment after an "adequate time for discovery." *Id.* The moving party cannot attach evidence to the motion. *See id.; Crow,* 17 S.W.3d at 328; *Ethridge v. HCEC,* 995 S.W.2d 292, 295 (Tex.App.—Waco [10th Dist.] 1999, no pet.). CMC's motion was supported by an affidavit stating that CMC is a governmental entity.[2]

CMC's motion alleged that it was entitled to the defense of sovereign immunity as a governmental unit. Before a hospital may invoke the doctrine of sovereign immunity, it must establish its status as a division of the state. *See Brown v. Montgomery County Hosp. Dist.,* 905 S.W.2d 481, 483 (Tex.App.—Beaumont 1995, no writ); *McCord v. Mem'l Med. Ctr. Hosp.,* 750 S.W.2d 362, 363 (Tex. App.—Corpus Christi 1988, no writ). Therefore, a claim of sovereign immunity should not be raised in a no-evidence summary judgment under rule 166a(i), because a summary judgment based on sovereign immunity must have supporting evidence attached, as the summary judgment in this case did. We conclude that CMC's summary judgment, despite its "inartful drafting," was a traditional summary judgment.

---

2. The affidavit in question was that of the hospital's administrator, David Brown. Appellants argue that Brown's affidavit is conclusory and, therefore, not competent summary judgment evidence. *See Brownlee v.* *Brownlee,* 665 S.W.2d 111, 112 (Tex.1984). We do not find the affidavit conclusory. In the affidavit, Brown states facts known to him personally.

## Traditional Summary Judgment

■ In a traditional summary judgment proceeding, a movant bears the burden of showing that no genuine issue of material fact exists and judgment should be granted as a matter of law. *American Tobacco Co., Inc. v. Grinnell,* 951 S.W.2d 420, 425 (Tex.1997); *Nixon v. Mr. Property Management Co., Inc.,* 690 S.W.2d 546, 548 (Tex.1985). The question on appeal is not whether the summary judgment proof raises fact issues as to the required elements of the movant's cause or claim, but whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of material fact as to one or more elements of the nonmovant's cause or claim. *Gibbs v. Gen. Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970); *Noriega v. Mireles,* 925 S.W.2d 261, 266 (Tex.App.— Corpus Christi 1996, writ denied). In resolving the issue of whether the movant has carried this burden, all evidence favorable to the non-movant must be taken as true and all reasonable inferences, including any doubts, must be resolved in the non-movant's favor. *Nixon,* 690 S.W.2d at 548–49; *Noriega,* 925 S.W.2d at 266. If a summary judgment order does not specify the ground or grounds relied on for the ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious. *State Farm Fire and Casualty Co. v. S.S.,* 858 S.W.2d 374, 380 (Tex.1993). In the case now before this Court, the summary judgment order does not specify the grounds upon which the order relied, therefore we must consider the grounds contained in the motion for summary judgment to determine if any were meritorious. *See id.*

CMC raised four grounds in its motion, contending that: 1) all of appellants' allegations involve the practice of medicine,

and CMC, as a hospital, cannot practice medicine; 2) the doctors who treated the deceased were all independent contractors, for whom CMC has no liability; 3) CMC is a governmental unit and appellants failed to plead a waiver of CMC's sovereign immunity; and 4) appellants failed to timely notify CMC of their claim.[3] In their appellate brief, CMC has waived the notice argument.

## Sovereign Immunity

■ As discussed above, CMC argued that it was entitled to sovereign immunity. CMC attached the affidavit of its administrator, David Brown. The affidavit states that CMC is a county hospital, wholly owned and operated by Victoria County. Appellants do not dispute CMC's status as a governmental unit.

As a governmental unit, CMC is protected by sovereign immunity from tort claims, absent a constitutional or statutory waiver of immunity. *University of Texas Med. Branch v. York,* 871 S.W.2d 175, 177 (Tex.1994). Sovereign immunity has been waived for personal injury and death caused by the negligence of a governmental employee if the injury or death arises from: 1) operation or use of a motor-vehicle or motor-driven equipment; 2) a condition of real property; or 3) use of tangible personal property. TEX. CIV. PRAC. & REM.CODE ANN. § 101.021 (Vernon 1997).

Brown's affidavit states that the defendant doctors in this case are not employees of CMC, had no employment contract with CMC, CMC did not bill for doctors' services, and CMC did not direct or control the doctors' services. According to the affidavit, CMC has a policy that all physicians who practice at CMC control the diagnosis and treatment of their patients,

---

**3.** A governmental unit is entitled to notice of a claim within six months of the incident giving rise to the claim. TEX. CIV. PRAC. & REM.CODE ANN. § 101.101 (Vernon 1997).

set their own fees, maintain their own records, and assume responsibility for their own malpractice insurance. The affidavit is sufficient to establish that the defendant doctors were not employees of CMC, but rather were independent contractors. *Drennan v. Comty. Health Inv. Corp.*, 905 S.W.2d 811, 819 (Tex.App.—Amarillo 1995, writ denied). Appellants brought forth no evidence to counter CMC's summary judgment evidence showing the doctors to be independent contractors.

An independent contractor is not an employee for purposes of the waiver of sovereign immunity. Tex. Civ. Prac. & Rem.Code Ann. § 101.001 (Vernon 1997); *Mitchell v. Shepperd Mem. Hosp.*, 797 S.W.2d 144, 145 (Tex.App.—Austin 1990, writ denied). Because the doctors are not governmental employees, CMC is immune from the claims arising out of the alleged negligence of the defendant doctors.

■ Although CMC is immune for the actions of the doctors, appellants also raised claims concerning the nursing staff at CMC.[4] CMC offered no summary judgment evidence of the employment status of the nursing staff; therefore, we infer that they were employees. *See Nixon*, 690 S.W.2d at 548–49 (all reasonable inferences resolved in favor of non-moving party); *see also Noriega*, 925 S.W.2d at 266(same). The paragraph alleging negligence by the nursing staff alleges that defendants failed to adhere to acceptable standards of nursing care by failing to: properly observe changes in the deceased's condition and alert a physician; properly assess the deceased's needs and evaluate his condition;

implement a proper course of nursing care; document a significant change in the deceased's symptoms on the medical chart; recognize the adverse effects of medication administered by the staff; competently carry out orders given by the physicians treating the deceased.

None of the allegations concerning the nursing staff implicate the use of tangible personal property, but rather involve failures in conduct. The supreme court has explicitly held that the failure to record information on a medical chart does not constitute use of tangible property. *York*, 871 S.W.2d at 178–79.

We find that CMC established its entitlement to sovereign immunity. Appellants have failed to show any waiver of CMC's immunity. The trial court did not err by granting summary judgment in favor of CMC. Issue number two is overruled.

### The Motion for Continuance

■ With their first issue, appellants argue that the trial court erred by denying their motion for continuance. Appellants filed the motion to postpone the hearing on CMC's motion for summary judgment. This motion was implicitly overruled when the trial court heard the motion for summary judgment without continuing it.

■ The granting or denial of a motion for continuance is within the trial court's sound discretion. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex.1986). We will not reverse the trial court's actions unless the record discloses a clear abuse of

4. Appellants filed an amended petition four days prior to the summary judgment hearing, in which they added allegations specifically designed to comport with the pleading requirements necessary to overcome sovereign immunity. CMC argues that these pleadings were untimely and should not be considered.

*See* Tex.R. Civ. P. 63. We do not here rule upon the timeliness of the amended petition; however, in the interest of justice we are considering the amended petition, which includes all the allegations of the original petition.

discretion. *Id.* A trial court abuses its discretion if it acts arbitrarily, unreasonably or without reference to any guiding principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 242 (Tex.1985). An abuse of discretion is not demonstrated merely by the fact that a trial judge decided a matter differently than an appellate judge in similar circumstances, the test is whether the trial judge's action was arbitrary and unreasonable. *Id.*

In the summary judgment context, it is generally not an abuse of discretion to deny a motion for continuance if the party moving for continuance has received the twenty-one days' notice required by rule 166a(c) of the Texas Rules of Civil Procedure. *Dallas Indep. Sch. Dist. v. Finlan,* 27 S.W.3d 220, 234–35 (Tex.App.—Dallas 2000 pet. denied); *White v. Mellon Mortgage Co.,* 995 S.W.2d 795, 803 (Tex. App.—Tyler 1999 no pet.); *McAllister v. Samuels,* 857 S.W.2d 768, 773 (Tex.App.—Houston [14th Dist.] 1993, no writ). Factors considered when determining whether a trial court has abused its discretion by denying a motion for continuance of a summary judgment hearing include 1) the length of time the case was on file; 2) the materiality of the discovery sought; and 3) whether due diligence was used in obtaining discovery. *Holguin v. Ysleta Del Sur Pueblo,* 954 S.W.2d 843, 854 (Tex.App.—El Paso 1997, writ denied); *Levinthal v. Kelsey–Seybold Clinic,* 902 S.W.2d 508, 510 (Tex.App.—Houston [1st Dist.] 1994, writ denied). When considering a continuance request, a trial court can presume that a plaintiff has investigated its case prior to filing the petition. *Finlan,* 27 S.W.3d at 235; *White,* 995 S.W.2d at 804; *McAllister,* 857 S.W.2d at 773.

In *Holguin,* the El Paso Court of Appeals found the second factor to be dispositive. *Holguin,* 954 S.W.2d at 854. In *Holguin,* the plaintiff brought suit against a federally recognized Indian tribe. *Id.* at 845. The tribe argued that it was protected by tribal sovereign immunity. *Id.* The El Paso court held that "[f]urther discovery would not have been material to the legal issue on which the trial court granted summary judgment; the inability of a private plaintiff under the Texas Dram Shop Act to bring suit for money damages against a federally recognized Indian tribe." *Id.* at 854. Similarly, we find this factor dispositive in the case now before us. Further discovery would not have been material to the legal issue of CMC's entitlement to sovereign immunity. Issue number one is overruled.

The judgment of the trial court is AFFIRMED.