v01579.cp1










 







NUMBER 13-01-00579-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


SHIRLEY WALKER, Appellant,


v.



RONALD G. CORLEY, M.D., P.A. Appellee.

 


On appeal from the 217th District Court of Angelina County, Texas.


 


MEMORANDUM OPINION



Before Justices Hinojosa, Yañez, and Garza


Opinion by Justice Yañez



 Appellant, Shirley Walker, appeals from a summary judgment granted in favor of
appellee, Ronald G. Corley, M.D., P.A. ("Corley"), in a medical malpractice action. In three
issues, appellant contends the trial court erred in granting summary judgment. We affirm.

 Corley filed a "traditional" (1) and "no-evidence" (2) motion for summary judgment,
contending, inter alia, that: 1) his summary judgment evidence, which included his own
affidavit and the affidavits of two other doctors - Dr. Bucholz, an orthopedic surgeon, and
Dr. Nadalo, a neuroradiologist - negated the elements of breach of duty and proximate
cause; 2) the opinions offered by Walker's designated expert, Dr. Avila, did not meet the
relevance and reliability standards required for expert testimony, and thus were not
competent summary judgment evidence; and 3) Walker produced no competent evidence
concerning breach of the standard of care or causation. The trial court did not specify on
which grounds the summary judgment was granted. 

 The facts of this case are known by the parties, and we do not recite them here. 
Furthermore, because all issues are well-settled, we issue this memorandum opinion. See
Tex. R. App. P. 47.4.

Standard of Review


 When considering a traditional summary judgment proceeding, the standard of
review on appeal is whether the successful movant at the trial level carried the burden of
showing that there is no genuine issue of material fact and judgment should be granted as
a matter of law. M.D. Anderson v. Willrich, 28 S.W.3d 22, 23 (Tex. 2000); Am. Tobacco
Co., Inc. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997); see also Tex. R. Civ. P. 166a(c). 
In resolving the issue of whether the movant has carried this burden, all evidence favorable
to the non-movant must be taken as true and all reasonable inferences, including any
doubts, must be resolved in the non-movant's favor. Willrich, 28 S.W.3d at 23-24. A
defendant's motion for summary judgment should be granted if he disproves at least one
essential element of each of the plaintiff's causes of action, or if he establishes all the
elements of an affirmative defense as a matter of law. Grinnell, 951 S.W.2d at 425; AMS
Constr. Co. v. Warm Springs Rehab. Found., 84 S.W.3d 152, 159 (Tex. App.-Corpus
Christi 2002, no pet.); Michael v. Dyke, 41 S.W.3d 746, 750 (Tex. App.-Corpus Christi
2001, no pet.). 

 When considering a no-evidence summary judgment, the movant does not bear the
burden of establishing each element of its own claim or defense. See Tex. R. Civ. P.
166a(i). Rather, the burden shifts to the non-movant to present evidence raising a genuine
issue of material fact in support of the challenged elements. Smith v. Mossbacker, 94
S.W.3d 292, 294 (Tex. App.-Corpus Christi 2002, no pet.). If a response is not filed
producing evidence that raises a genuine issue of material fact on the disputed elements,
rule 166a(i) clearly states that the motion "must be granted." Michael, 41 S.W.3d at 751;
see Tex. R. Civ. P. 166a(i). Pleadings are not summary judgment proof. City of Houston
v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). Neither a petition nor a
response to a motion for summary judgment constitutes summary judgment evidence. 
Musgrave v. Lopez, 861 S.W.2d 262, 264 (Tex. App.-Corpus Christi 1993, no writ). 

 We apply the same legal sufficiency standard in reviewing a no-evidence summary
judgment as we apply in reviewing a directed verdict. AMS, 94 S.W.3d at 159; Zapata v.
Children's Clinic, 997 S.W.2d 745, 747 (Tex. App.-Corpus Christi 1999, pet. denied). We
review the evidence in the light most favorable to the party against whom the summary
judgment was rendered, disregarding all contrary evidence and inferences. Merrell Dow
Pharm., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997); AMS, 94 S.W.3d at 159. A no-evidence summary judgment is improper if the respondent brings forth more than a scintilla
of probative evidence to raise a genuine issue of material fact. Havner, 953 S.W.2d at
711. More than a scintilla of evidence exists when the evidence rises to a level that would
enable reasonable and fair-minded people to differ in their conclusions. Id.; Smith, 94
S.W.3d at 294. 

 Where, as here, a summary judgment order issued by the trial court does not
specify the ground or grounds relied upon for the ruling, it will be upheld if any of the
grounds in the summary judgment motion can be sustained. Dow Chem. Co. v. Francis,
46 S.W.3d 237, 242 (Tex. 2001); Bradley v. ex rel White, 990 S.W.2d 245, 247 (Tex.
1999); AMS, 94 S.W.3d at 159-60; Weakly v. East, 900 S.W.2d 755, 758 (Tex.
App.-Corpus Christi 1995, writ denied). 

Applicable Law 


 The elements that must be proven for a medical malpractice action are: "(1) a
physician's duty to act according to a certain standard; (2) a breach of the applicable
standard of care; (3) an injury; and (4) a causal connection between the breach of care and
the injury." Smith, 94 S.W.3d at 294 (quoting Day v. Harkins & Munoz, 961 S.W.2d 278,
280 (Tex. App.-Houston [1st Dist.] 1997, no pet.)). Expert testimony is necessary in a
medical malpractice case to meet the plaintiff's burden as well as to establish or preclude
summary judgment. Blan v. Ali, 7 S.W.3d 741, 744 (Tex. App.-Houston [14th Dist.] 1999,
no pet.); see Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d 873, 876
(Tex. 2001). 

 Corley moved for summary judgment under rule 166a(i), (3) claiming that Walker
presented no competent evidence of the second and fourth elements. Corley also argued
that Dr. Avila's testimony failed to meet the Daubert/Robinson standards of reliability (4) and
was thus incompetent as a matter of law. Although he was not required by rule 166a(i) to
submit any evidence, Corley attached the following evidence to his motion: 1) Walker's
discovery responses; 2) excerpts from Dr. Avila's deposition testimony; 3) excerpts from
Walker's deposition testimony; 4) a report from Dr. Avila; 5) his own affidavit; 6) the
affidavit of Dr. Bucholz; 7) the affidavit of Dr. Nadalo; 8) medical records from Dr. Avila; 9)
a second opinion letter from Dr. David Hampton; and 10) Walker's MRI reports from
January 15, 1997 and August 25, 1998. Walker filed a summary judgment response, but
failed to attach any evidence to the response. In her response, Walker referred to various
portions of Dr. Avila's deposition testimony, but did not attach excerpts of the referenced
testimony. Although some of the testimony referred to by Walker was attached to Corley's
motion, other portions were not, and thus, are not included in the record before us. 
Walker later filed an "Additional Response," which included two attachments: 1) her signed
consent form to the surgery performed by Corley; and 2) Corley's responses to her
requests for admission.

 The supreme court's comment to rule 166a(i) states that "[t]o defeat a motion made
under paragraph (i), the respondent is not required to marshal its proof; its response need
only point out evidence that raises a fact issue on the challenged elements." Tex. R. Civ.
P. 166a(i); Saenz v. So. Union Gas Co., 999 S.W.2d 490, 493 (Tex. App.-El Paso 1999,
pet. denied). The rule explicitly provides, however, that in response to a no-evidence
motion, the respondent must present some summary judgment evidence raising a genuine
issue of material fact on the element[s] attacked, or the motion must be granted. Tex. R.
Civ. P. 166a(i); see Michael, 41 S.W.3d at 751; Saenz, 999 S.W.2d at 494. Although the
nonmovant is not required to "needlessly duplicate evidence already found in the court's
file," she is required to ensure that the evidence is properly before the trial court for its
consideration in ruling on the motion for summary judgment. Saenz, 999 S.W.2d at 494. 
Here, Walker's response did not request that the trial court take judicial notice of Dr. Avila's
deposition testimony, nor did she incorporate by reference any of his testimony in her
response. See id. 

 Corley argues that Walker produced no competent evidence on the elements of
breach of duty and causation. Walker argues that as the non-movant, she may use the
movant's summary-judgment evidence to establish a genuine issue of material fact. In
support of her argument, Walker cites Jordan v. Geigy, 848 S.W.2d 176, 181 (Tex.
App.-Fort Worth 1991, no writ), Keever v. Hall, 727 S.W.2d 704, 706 (Tex. App.-Dallas
1987, no writ), Gonzalez v. Atascocita, 902 S.W.2d 591, 593 (Tex. App.-Houston [1st Dist.]
1995, no writ), and Wheeler v. Yettie K. Mem. Hosp., 866 S.W.2d 32, 37 (Tex.
App.-Houston [1st Dist.] 1993, no writ). We find all of the cases cited by Walker inapposite
because they do not involve a no-evidence summary judgment motion. We conclude,
however, that it is unnecessary for us to determine whether Walker may rely on Corley's
summary judgment evidence in response to his no-evidence motion because even if we
were to consider the summary judgment evidence in the record that Walker directs us to,
viewed in the light most favorable to her, we hold that it fails to constitute more than a
scintilla of probative evidence as required to defeat a no-evidence motion for summary
judgment on the issues of whether any act by Corley breached the standard of care and
caused the alleged injury. See Tex. R. Civ. P. 166a(i). 

 The threshold question in a medical malpractice case is the standard of care. Jones
v. Miller, 966 S.W.2d 851, 854 (Tex. App.-Houston [1st Dist.] 1998, no pet.). The
applicable standard must be established so the fact finder can decide if the defendant
deviated from it. Id. To raise a fact issue sufficient to defeat summary judgment, the
plaintiff's controverting expert should specifically identify the standard of care, establish the
expert's familiarity with that standard, and explain why the treatment rendered by the
defendant health-care provider breached the applicable standard. Hightower v. Saxton,
54 S.W.3d 380, 389 (Tex. App.-Waco 2001, no pet.); Keeton v. Carrasco, 53 S.W.3d 13,
25 (Tex. App.-San Antonio 2001, pet. denied). Conclusory affidavits are not sufficient to
raise fact issues. Hightower, 54 S.W.3d at 389. 

 Regarding the applicable standard of care and causation elements, Walker refers
us to the following testimony by Avila:

Q: Assuming that the tear of the left rotator cuff was present while she
[Walker] was under the care of Dr. Ronald Corley, what would have been the
standard of care required of Dr. Corley to treat this clinical entry?


A: [Avila] The suggested treatment was such a thing- such a problem or
injury is to open the shoulder and do the proper thing, try to repair the rotator
cuff, if, indeed it was torn. (emphasis added).

* * * * * *


Q: All right. Do you have an opinion, based on reasonable medical
probability, that the failure to properly treat the torn rotator cuff was a
probable cause of the continued pain Mrs. Walker was experiencing in her
shoulder? Do you have an opinion?


A: It is my opinion based on reasonable medical probability that the initial
injury should have been identified and if it's the rotator cuff that was torn, it
should have been repaired initially. (emphasis added).


* * * * *

Q: Do you have an opinion, based on reasonable medical probability, that
the failure to properly treat the torn rotator cuff was a probable cause of the
loss of function of her left shoulder?


A: I believe, based on reasonable medical probability, that after the patient
identify- [sic] the doctor identified the problem that if it was, indeed, a torn
rotator cuff it should have been repaired primarily and that thereafter the
patient would probably recover well. (emphasis added). 


 We hold that these statements are speculative, equivocal, conclusory, and fail to
identify the standard of care or explain how any act by Corley breached the applicable
standard. See Keeton, 53 S.W.3d at 25. We hold that Walker failed to bring forth more
than a scintilla of probative evidence to raise a genuine issue of material fact regarding the
challenged elements. 

 Accordingly, we AFFIRM the trial court's judgment. 


 _________________________

 LINDA REYNA YAÑEZ

 Justice


Opinion delivered and filed this the

29th day of August, 2003. 



1. See Tex. R. Civ. P. 166a(c).
2. See Tex. R. Civ. P. 166a(i).
3. Walker argues that because Corley attached evidence to his motion for summary judgment, it must
be treated as a "traditional" motion, see Tex. R. Civ. P. 166a(c), and is thus not reviewable as a "no evidence"
motion. See Tex. R. Civ. P. 166a(i). In support, Walker cites Clemons v. Citizens Med. Ctr., 54 S.W.3d 463,
466 (Tex. App.-Corpus Christi 2001, no pet.). We find Clemons distinguishable. In Clemons, the defendant,
the successful summary-judgment movant, argued that its motion should be considered as a traditional
summary judgment motion, even though the motion "inartfully" alleged that it was filed under the "no-evidence"
provision of rule 166a(i). See id. Here, we conclude that Corley's motion for summary judgment was
unambiguously brought under both traditional and no-evidence grounds and is sufficient to satisfy the
requirements of rule 166a(c) and 166a(i). See Tex. R. Civ. P. 166a(c), (i). 
4. See Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 591-93 (1993); E.I. Du Pont de Nemours
& Co. v. Robinson, 923 S.W.2d 549, 556-57 (Tex. 1995).