NUMBER 13-01-646-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


___________________________________________________________________


JAVIER GARCIA, Appellant,


v.



TEXAS CABLE PARTNERS, L.P., 

TIME WARNER, INC., AND TIME 

WARNER TELECOM OF TEXAS, L.P., Appellees.

___________________________________________________________________


On appeal from the 206th District Court


of Hidalgo County, Texas.


__________________________________________________________________


OPINION ON MOTION FOR REHEARING



Before Justices Hinojosa, Castillo, and Dorsey (1)


Opinion on Motion for Rehearing by Justice Dorsey



 This is an appeal from a summary judgment rendered in favor of the defendants,
Texas Cable Partners, L.P., Time Warner, Inc., and Time Warner Telecom of Texas,
L.P. The plaintiff, Javier Garcia, purchased cable television services and leased the
necessary equipment in Weslaco, Hidalgo County, Texas, and paid, in addition to
charges for his subscription and other services, a $5.00 "administrative fee" whenever
his payment was late. It is this $5.00 fee that is the subject of this action. 

 The plaintiff brought the action on behalf of himself and all others similarly
situated. His live pleading at the time of judgment was his Fifth Amended Original
Petition, and it alleged numerous causes of action arising from this $5.00 charge,
among them usury, an illegal penalty, an improper liquidated damage clause, and an
unconscionable consumer lease. The plaintiff sought a declaratory judgment and an
injunction. We earlier affirmed the judgment because as a matter of law there was
no usury. Appellant filed a motion for rehearing complaining we failed to address his
other pleaded grounds for affirmative relief.

 Defendants, appellees here, filed a motion for summary judgment with proof,
alleging several grounds for judgment. Two defendants, Time Warner Telecom of
Texas, L. P. and Time Warner, Inc., asserted they have never sold cable television
services, or leased necessary equipment, to appellant. However, the principal grounds
affecting all appellees are (1) res judicata, that the plaintiff is bound by an earlier
judgment in a class action involving the same matter in Jefferson County, Texas; and
(2) voluntary payment of the charge without protest. Several other grounds were in
appellees' motion for summary judgment, but because the court granted judgment
generally without specifying the particular basis, it will be affirmed if the judgment was
proper on any ground asserted in the motion. Carr v. Brasher, 776 S.W.2d 567, 569
(Tex.1989); Clemons v. Citizens Medical Center, 54 S.W.3d 463, 467 (Tex.
App.-Corpus Christi 2001, no pet.). We will limit our discussion to the res judicata
basis for summary judgment. 

 Appellees asserted in their motion for summary judgment that appellant, Javier
Garcia, is bound by a final judgment in a class action styled Owens et al v. TCI
Cablevision of Dallas, Inc., cause number E-157-770, that was signed by the
Honorable Donald Floyd, judge of the 172nd District Court of Jefferson County, Texas,
on October 5, 2000. That final judgment was entered in settlement of a class action
and explicitly provides that it "is intended by the parties and the Court to be res
judicata and to prohibit, bar, and preclude any" other litigation on behalf of members
of the class "with respect to late charges of $5.00 or more assessed to or paid by
Class members." 

 Appellant filed a response to the motion for summary judgment and challenged
this particular ground for judgment on two bases: that the judgment is not final and
there is no evidence that Javier Garcia is a member of the class. For the claim that the
judgment is not final, and thus will not support the res judicata defense, appellant
points to two provisions in the judgment that he claims make it interlocutory: that the
court retains plenary power in paragraph 23 and that the judgment is subject to certain
named conditions, paragraph 18, and there is no evidence that the conditions have
been met. The response to the motion for summary judgment did not contend there
were disputed factual issues that would preclude summary judgment on res judicata. 
 The sole question is what is the legal effect of the judgment rendered by Judge Floyd
of the 172nd District Court of Jefferson County in the lawsuit styled, Owens, et al. v.
TCI Cablevision of Dallas, Inc.

 That judgment provides:

 This Final Judgment is intended by the parties and the Court to be
res judicata and to prohibit, bar, and preclude any prior, concurrent, or
subsequent litigation brought individually, or in the name of, or otherwise
on behalf of the plaintiff, the Class Members, any others similarly
situated, and/or the general public, with respect to late charges of $5.00
or more assessed to or paid by Class Members prior to the Effective Date
of this Judgment and any claims related thereto which were or could
have been alleged . . . by any of the Class Members in any of the Class
Systems respecting late fees of $5.00 or more. . . .


 It also provides:


 [E]ach member of the Settlement Classes, hereby release and forever
discharge the Released Parties from any and all claims, demands, debts,
liabilities, actions and causes of action . . . arising out of . . . Released
Parties' late fee billing practices. . . .


 There is no controversy whether appellant is a member of the settlement class,
as the Final Judgment defines a "Class Member" as "those past or present residential
cable television subscribers in Texas who, at any time prior to the Effective Date of
this Judgment, were assessed a late fee of $5.00 or more." The uncontroverted
summary judgment evidence establishes that appellant was assessed or paid late fees
during the relevant period.

 Appellant argues that the judgment in the class action is not final because the
court retained plenary power over the judgment. Paragraph 23 of the judgment states:

 23. Jurisdiction is retained by this Court for the purpose of
enabling any party to this Final Judgment to apply to the Court at any
time for such further orders and directions as may be necessary and
appropriate for (a) the carrying out of this Judgment, or (b) the
modification of any injunctive provisions.


 Appellant argues that Lehmann v. Har-Con Corp., 39 S.W.3d 191 (Tex. 2001),
mandates that the judgment here is interlocutory because there are remaining issues
or parties to be adjudicated. However, Lehmann has no applicability here. The issue
in Lehmann was whether a summary judgment was final so as to allow the Court of
Appeals to take jurisdiction over the appeal. Whether the Jefferson County judgment 
may be appealed is not at issue here. Rather, its preclusive effect is. The retention
of jurisdiction to enforce the judgment or to modify injunctive provisions does not
preclude the finality of the judgment. Ford v. City State Bank, 44 S.W.3d 121, 130
(Tex. App.-Corpus Christi 2001, no pet.). 

 Appellant also argues the judgment is not final because there is no evidence that
the conditions set out in paragraph 18 of the judgment have been met.

 Paragraph 18 of the Owens judgment is entitled "Settlement Consideration" and
provides the relief the Cable Television Defendants agreed to provide to class
members, including product certificates for services, restitution in cash, and limitation
of late fees in the future. There is no evidence or assertion that the class action
defendants failed to comply with the terms of the "Settlement Consideration." We
have not been directed to any language in the judgment that makes it conditional upon
payment of the agreed consideration. Rather, the trial court retained limited
jurisdiction to enforce the provisions of the judgment. We hold the judgment is final.

 The motion for rehearing is OVERRULED. The judgment is AFFIRMED. 


 _________________________________

 J. BONNER DORSEY 

 

Opinion on Motion for Rehearing delivered 

and filed this 29th day of August, 2003.

 
1. Retired Justice J. Bonner Dorsey assigned to this Court by the Chief Justice of the
Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998).