### Russell M. SMITH and Catherine Smith, Appellants,

v.

### Matthew MOSBACKER, M.D., T. Adam Kaspar, M.D., Richard G. Stoval, M.D., John C. Wright, M.D., James B. Shook, M.D., and Crossroads Orthopedics, P.A., Appellees.

### No. 13–01–463–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

Dec. 5, 2002.

parts are moot in light of our conclusion that Reno Nava placed these accounts in trust for his children.

Kevin B. Miller, Miller & Henderson, San Antonio, for appellants.

Alfred M. Casillas, J. Kevin Oncken, Tyler Scheuerman, Uzick & Oncken, Brett B. Rowe, Evans, Rowe & Rocheleau, W. Richard Wagner, Patterson & Wagner, San Antonio, for appellees.

Before Chief Justice VALDEZ and Justices DORSEY and RODRIGUEZ.

## OPINION

Opinion by Justice DORSEY.

In this medical malpractice action, Russell M. Smith and Catherine Smith, plaintiffs below, appeal a no-evidence summary judgment granted in favor of appellees, Matthew Mosbacker, M.D.; T. Adam Kaspar, M.D.; Richard G. Stoval, M.D.; John C. Wright, M.D.; James B. Shook, D.O.; and Crossroads Orthopedics, P.A., defendants in the trial court. By a single issue, appellants complain that the trial court erred in granting appellees' motions for no-evidence summary judgment. We reverse and remand.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellant Russell Smith had a rare condition know as pigmented Villonodular synovitis (PVNS) occur in his right knee. After consultation with and recommendation of appellees Shook and Mosbacker, Smith had radiation treatment of his knee, followed by a total knee replacement. Shortly after the knee replacement, Smith was hospitalized because the surgical wound did not heal and became infected.

Smith was treated by appellees Stoval, Wright, and Kaspar. Smith's leg was ultimately amputated above the knee because of infection.

Smith filed suit against appellees alleging that they were negligent. Appellees filed three separate motions for no-evidence summary judgment. Mosbacker and Kaspar each filed separate motions and Stoval, Wright, Shook and Crossroads Orthopedics filed a joint motion. They argue that there was no evidence as to the standard of care, no evidence of a breach of the standard of care, and no evidence of causation. Appellants responded and attached an affidavit of Dr. Gary Miller, an orthopedic surgeon. Appellees filed a joint objection to this affidavit because of contradictions between Miller's affidavit and his subsequent deposition. The trial court granted the motions for summary judgment for the appellees without making any reference to appellees' objection to the affidavit.

## STANDARD OF REVIEW

■ Under Texas Rules of Civil Procedure, 166a(i), a party may file for a motion for summary judgment "on the ground that there is no evidence of one or more essential elements of a claim or defense...." Tex.R. Civ. P. 166a(i). The motion must identify those elements that the movant contends lack evidence. *Id.* The elements that must be proven for a medical malpractice action are "(1) a physician's duty to act according to a certain standard; (2) a breach of the applicable standard of care; (3) an injury; and (4) a causal connection between the breach of care and the injury." *Day v. Harkins & Munoz,* 961 S.W.2d 278, 280 (Tex.App.-Houston [1st Dist.] 1997, no pet.).

To avoid such a summary judgment, the non-movant must produce evidence as to the elements challenged, so as to raise a genuine issue of fact. Tex.R. Civ. P. 166a(i). The response only needs to "point out evidence that raises a fact issue on the challenged elements." Tex.R. Civ. P. 166a(i) & cmt. As in traditional summary judgments, the evidence is viewed in the light most favorable to the non-movant, disregarding all contrary evidence and inferences, and if there is "more than a scintilla of probative evidence to raise a genuine issue of material fact," then the no-evidence summary judgment should not be granted. *Zapata v. The Children's Clinic,* 997 S.W.2d 745, 747 (Tex.App.-Corpus Christi 1999, pet. denied).

"More than a scintilla of evidence exists when the evidence 'rises to the level that would enable reasonable and fair-minded people to differ in their conclusions.'" *Moore v. Kmart Corp.,* 981 S.W.2d 266, 269 (Tex.App.-San Antonio 1998, pet. denied) (citing *Merrell Dow Pharms., Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex.1997)). A genuine issue exists if "the evidence is such that a reasonable jury could find that fact in favor of the non-moving party." *Id.* Material facts are those facts which "affect the outcome of the suit under the governing law." *Id.* "Every reasonable inference in favor of the non-movant" must be indulged and we must "resolve any doubts in its favor." *Weaver v. Highlands Ins. Co.,* 4 S.W.3d 826, 830 (Tex.App.-Houston [1st Dist.] 1999, no pet.) (citing *Randall's Food Mkts., Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex.1995); *Marchal v. Webb,* 859 S.W.2d 408, 412 (Tex.App.-Houston [1st Dist.] 1993, writ denied)). In addition, "we will assume all the evidence favorable to the non-movant is true." *Id.* (citing *Randall's Food Mkts., Inc.,* 891 S.W.2d at 644; *Thompson v. Vinson & Elkins,* 859 S.W.2d 617, 619 (Tex.App.-Houston [1st Dist.] 1993, writ denied)).

## ANALYSIS

Appellants' sole issue on appeal is that the trial court erred in granting appellees'

motions for summary judgment. The appellants argue that appellees failed to specifically point out the essential elements that have no evidence and that the affidavit from Dr. Gary Miller was sufficient to raise a genuine issue of material fact. Appellees counter by arguing that the summary judgment motion complied with the rule, that the appellants failed to present any probative evidence of negligence, and, on Mosbacker's behalf only, that Dr. Miller is not qualified to testify on the standard of care for a rheumatologist.

■ A summary judgment motion will be insufficient if it fails "to state the elements as to which there is no evidence." *Smith v. McCleskey, Harriger, Etc., L.L.P.*, 15 S.W.3d 644 (Tex.App.-Eastland 2000, no pet.); *see Oasis Oil Corp. v. Koch Refining Co. L.P.*, 60 S.W.3d 248, 252 (Tex.App.-Corpus Christi 2001, pet. denied). Upon review of appellees' motions for summary judgment, we find them sufficiently precise.

Mosbacker's summary judgment motion asserts that (1) there is no evidence that he did or failed to do anything that caused injury to Smith, (2) the appellant has no rheumatology expert critical of Mosbacker, (3) appellant has no expert to testify on rheumatology, and (4) there is no evidence of a causal relationship between Mosbacker and the appellant's injuries. Kaspar's no-evidence summary judgment motion contends that the plaintiffs have (1) no evidence to establish Kaspar's standard of care, (2) no evidence that Kaspar breached

the standard of care, and (3) that there is no evidence of a causal relationship between Dr. Kaspar and appellant's injuries. The no-evidence summary judgment motion for Stoval, Wright, Shook, and Crossroads Orthopedics contends that (1) there is no evidence that any of these defendants failed to act as a reasonable and prudent orthopedist, and (2) there is no evidence of any negligent act or omission that was the proximate cause of appellants' injuries. All three motions have sufficiently addressed the standard of care, the breach of that standard of care, and causation components of a medical malpractice claim. *See Day*, 961 S.W.2d at 280. We conclude that the summary judgment motions were sufficient.

■ We next consider appellants' argument that Dr. Miller's affidavit raised a genuine issue of material fact. The affidavit addresses and raises genuine issues of material fact to all the elements referred to in the no-evidence summary judgment motions. All appellees jointly objected to the affidavit by written motion that included an attachment of deposition evidence. The objection was that it conflicted with affiant's subsequent deposition testimony. The trial court granted the summary judgment but did not rule on the objection to the affidavit.

Because appellees did not get a ruling on their objection and there is no language in the summary judgment order ruling on it, the objection is waived for purposes of appeal.[1] *See Gomez v. Diaz*, 57 S.W.3d

1. Citing *Farroux v. Denny's Rest., Inc.*, 962 S.W.2d 108, 111 (Tex.App.-Houston [1st Dist.] 1997, no writ) and *Cantu v. Peacher*, 53 S.W.3d 5, 10–11 (Tex.App.-San Antonio 2001, writ denied), appellees argue that if Miller's affidavit contradicts his own deposition testimony without explanation for the changes, then the court is to assume the affidavit was produced solely to avoid summary judgment. This policy is to prevent parties from thwarting the purpose of summary judgments "by creating 'sham' issues of fact with affidavits that contradict their prior depositions. If such contradictions were permitted, [the Seventh Circuit] reasoned, 'the very purpose of the summary judgment motion—to weed out unfounded claims, specious denials, and sham defenses—would be severely undercut.' " *Bank of Illinois v. Allied Signal Safety Restraint Sys.*, 75 F.3d 1162, 1168–69 (7th Cir.

573, 578 (Tex.App.-Corpus Christi 2001, no pet.) (citing *Castillo v. Tropical Tex. Ctr. for Mental Health and Mental Retardation*, 962 S.W.2d 622, 625 (Tex.App.-Corpus Christi 1997, no writ)).

 If the subsequent deposition is considered to be summary judgment evidence, although it was not tendered as such, it still would not be sufficient to grant summary judgment. While the deposition may be read to contradict or be inconsistent with the affidavit, it does not negate any genuine issue of material fact. Any inconsistencies or contradictions between the affidavit and the deposition would not exclude it as evidence in summary judgment proceedings. *Larson v. Family Violence and Sexual Assault Prevention Ctr. of S. Tex.*, 64 S.W.3d 506, 513 (Tex.App.-Corpus Christi 2001, pet. denied) (citing *Thompson v. City of Corsicana Hous. Auth.*, 57 S.W.3d 547 (Tex.App.-Waco 2001, no pet.); *Grizzle v. Tex. Commerce Bank N.A.*, 38 S.W.3d 265, 283 (Tex.App.-Dallas 2001, pet. granted)). Instead, the inconsistency or contradiction bolsters the notion of a fact issue to be resolved by the trier of fact. *See id.* Miller's affidavit constitutes more than a scintilla of probative evidence; therefore the no-evidence summary judgment must fail. Moreover, as a substantive matter, where "conflicting inferences may be drawn from a deposition and from an affidavit filed by the same party in opposition to a motion for summary judgment, a fact issue is presented." *Randall v. Dallas Power & Light Co.*, 752 S.W.2d 4, 5 (Tex.1988).

---

1996). The Fourth Court of Appeals held that "if the subsequent affidavit clearly contradicts the witness's earlier testimony involving the suit's material points, without explanation, the affidavit must be disregarded and will not defeat the motion for summary judgment." *Cantu*, 53 S.W.3d. at 10–11. In both *Farroux* and *Cantu*, the contradictory affidavit was taken after the deposition.

Viewing the evidence in the light most favorable to the non-movant, the appellants' affidavit is sufficient to raise a genuine issue of material fact. *See Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995). Accordingly, appellants's only point of error is sustained. We reverse the court's no-evidence summary judgment and remand for proceedings consistent with this opinion.

Although appellees insist on the contrary, the record in this case shows that the affidavit was dated three days *before* the deposition was taken. At the time the affidavit was signed, there was no deposition in existence to compare with or be contradicted against. Therefore, the notion of a "sham" affidavit can and should be ignored.