

# NUMBER 13-22-00278-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**CITY OF PHARR, TEXAS,**                                  **Appellant,**

**v.**

**DAVID BAUTISTA,**                                      **Appellee.**

## On appeal from the 332nd District Court
## of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Silva**
**Memorandum Opinion by Chief Justice Contreras**

Appellee David Bautista filed suit against appellant the City of Pharr, Texas alleging a violation of the Texas Whistleblower Act. *See* TEX. GOV'T CODE ANN. § 554.002. The City filed a plea to the jurisdiction, which the trial court denied. By its sole issue, the City appeals the trial court's denial of its plea, arguing that Bautista's suit is jurisdictionally barred because it was not filed within the ninety-day statutory limitations period. *See id.*

§§ 554.002, .005, .006; TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8). We affirm.

## I.    BACKGROUND

Bautista worked at the City's wastewater treatment plant. The City terminated Bautista's employment on September 30, 2020, "for conduct in violation of personnel policies." On October 1, 2020, Bautista sent a letter to the City Manager seeking to initiate the City's grievance procedure and appeal his termination. In the letter, he appeared to assert that he was given an unwarranted write-up and was retaliated against after reporting his employer to the Texas Commission on Environmental Quality for alleged infractions.

On October 23, 2020, Ed Wylie, the Interim City Manager, replied by letter to Bautista as follows:

> Mr. Bautista,
>
> Upon receiving your correspondence dated October 01, 2020, regarding your employment status with the City of Pharr, I have carefully reviewed, and determined that you did not provide the required minimum information to consider your correspondence an appeal.
>
> Chapter 53. Section 3. Although no specific form is required, the appeal must provide the minimum following information:
>
> A.  the adverse action or decision that is the subject of the appeal;
>
> B.  the date on which the action or decision was taken;
>
> C.  the name and title of the . . . person or persons who took the action or made the decision;
>
> D.  an explanation of why the employee believes that the action was not warranted, not justified, or is otherwise deficient; and,
>
> E.  a description of the remedy or relief the employee wants or requests as part of the appeal.

2

Further, your correspondence was not signed by you, which is also a requirement as per Chapter 53 [of the City's Personnel Policy Manual].

Please rest assure [sic] your correspondence has been treated with u[t]most regard and integrity. At this time, I regret to inform you that I uphold the decision made by Public Utilities Director, Ruben Rosales, to terminate the employment relationship between you and the City of Pharr.

On December 7, 2020, Bautista sent a signed response to Wylie containing the information required under Chapter 53 of the City's Personnel Policy Manual as listed by Wylie. Bautista closed his letter by stating his "appeal is now complete and legal" and requested that Wylie "[p]lease respond with [his] decision as soon as possible." After waiting for and receiving no response from the City, Bautista filed suit on February 22, 2021. *See* TEX. GOV'T CODE ANN. § 554.006(d).

On January 10, 2022, the City filed its plea to the jurisdiction, arguing that Wylie's October 23, 2020 letter constituted a denial of Bautista's appeal, and so, per the ninety-day filing deadline found in § 554.006 of the government code, Bautista was required to file suit by January 21, 2021. *See id.* § 554.006(a)–(c). The City highlighted the last sentence in Wylie's letter, which stated that he would "uphold the decision" to terminate Bautista. In his response to the City's plea, Bautista argued that Wylie's letter was not "an unequivocal and unambiguous denial of" his appeal. Bautista argued that Wylie's letter instead informed him that his letter was not considered an appeal and "helpfully listed the five items [Bautista] could include to complete his appeal." The City replied to Bautista's response and attached an affidavit by Wylie, in which he stated that his letter was intended as a final decision on Bautista's appeal.

The trial court heard arguments on the City's plea on April 4, 2022. At the hearing, Bautista again argued that "[Wylie's] October 23rd letter at best is wildly ambiguous." He

stated, "If this letter is supposed to inform somebody that their appeal is over, . . . I invite the [trial c]ourt to read it . . . and view it as any reasonable person would." Bautista contended that Wylie's letter "clearly informs him [Bautista's initial] correspondence is not considered an appeal," that "[t]here are five things that [the City] need[s] in order to have it considered an appeal," and that Bautista "needs to sign" the appeal. And he argued that Wylie's use of "at this time" when noting he would uphold Bautista's termination reflected the possibility that Wylie could later reach a different conclusion.

On June 14, 2022, the trial court denied the City's plea to the jurisdiction. This interlocutory appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8).

## II.    STANDARD OF REVIEW & APPLICABLE LAW

Subject matter jurisdiction is essential to a court's authority to decide a case. *Teal Trading & Dev., LP v. Champee Springs Ranches Prop. Owners Ass'n*, 593 S.W.3d 324, 331 (Tex. 2020) (citing *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000)). Whether a trial court has subject matter jurisdiction is a question of law that we review de novo. *Sw. Elec. Power Co. v. Lynch*, 595 S.W.3d 678, 682 (Tex. 2020) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)).

Sovereign immunity protects the State and its agencies from lawsuits for money damages and deprives a trial court of subject matter jurisdiction over the plaintiff's claims. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 & n.2 (Tex. 2008). Governmental immunity offers the same protections for political subdivisions of the State, including municipalities. *Id.* "Governmental units are immune from suit unless immunity is waived by state law." *City of San Antonio v. Maspero*, 640 S.W.3d 523, 528 (Tex. 2022).

4

"Because governmental immunity is jurisdictional, it is properly raised through a plea to the jurisdiction . . . ." *Id.*; *see Miranda*, 133 S.W.3d at 228.

The party suing a governmental unit bears the burden of affirmatively showing a waiver of immunity. *Univ. of Tex. M.D. Anderson Cancer Ctr. v. McKenzie*, 578 S.W.3d 506, 512 (Tex. 2019). "To determine whether the party has met this burden, we may consider the facts alleged by the plaintiff and the evidence submitted by the parties." *Id.* (citing *Tex. Nat. Res. & Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex. 2001)).

To prevail on a claim of immunity, the governmental defendant "may challenge the pleadings, the existence of jurisdictional facts, or both." *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018). When a plea to the jurisdiction challenges jurisdictional facts, our review mirrors that of a traditional summary judgment motion. *Maspero*, 640 S.W.3d at 528 (citing *Garcia*, 372 S.W.3d at 635). To that end, "all the evidence is reviewed in the light most favorable to the plaintiff to determine whether a genuine issue of material fact exists." *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019); *see Maspero*, 640 S.W.3d at 528–29 ("[W]e take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor."). "A genuine issue exists if 'the evidence is such that a reasonable jury could find that fact in favor of the non-moving party.'" *Smith v. Mosbacker*, 94 S.W.3d 292, 294 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.) (quoting *Moore v. K Mart Corp.*, 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied)). "Material facts are those facts which 'affect the outcome of the suit under the governing law.'" *Id.* (quoting *Moore*, 981 S.W.2d at 269). If "the pleadings and

5

evidence generate a 'fact question on jurisdiction,' dismissal on a plea to the jurisdiction is improper," and the fact issue will be resolved at trial by the factfinder. *Maspero*, 640 S.W.3d at 529 (citing *Univ. of Tex. at Austin v. Hayes*, 327 S.W.3d 113, 116 (Tex. 2010) (per curiam)). "However, 'if the evidence is undisputed or fails to raise a fact question,' the plea must be granted." *Id.* (quoting *Hayes*, 327 S.W.3d at 116).

The Texas Whistleblower Act "prevents a local governmental entity from firing a public employee for reporting another public employee's violation of the law to a law-enforcement authority." *City of Madisonville v. Sims*, 620 S.W.3d 375, 378 (Tex. 2020) (per curiam) (citing Tex. Gov't Code Ann. § 554.002(a)). "The Whistleblower Act . . . clearly and unambiguously waives sovereign immunity to allow plaintiffs to obtain relief." *Id.* at 379 (citing Tex. Gov't Code Ann. § 554.0035). "But an employee with a Whistleblower Act claim must strictly abide by the procedural limitations set out in the Act to obtain relief." *Id.* (citing Tex. Gov't Code Ann. § 311.034). "The Whistleblower Act is a broad remedial measure intended to encourage disclosure of governmental malfeasance and corruption." *City of Waco v. Lopez*, 259 S.W.3d 147, 154 (Tex. 2008). The Act is thus liberally construed in favor of jurisdiction. *Scott v. Godwin*, 147 S.W.3d 609, 621 (Tex. App.—Corpus Christi–Edinburg 2004, no pet.); *see also Perez v. Cameron County*, No. 13-17-00581-CV, 2018 WL 6219630, at *3 (Tex. App.—Corpus Christi–Edinburg Nov. 29, 2018, no pet.) (mem. op.).

The Whistleblower Act states that "[e]xcept as provided by [§] 554.006, a public employee who seeks relief under this chapter must sue not later than the 90th day after the date on which the alleged violation of this chapter" either occurred or was discovered.

TEX. GOV'T CODE ANN. § 554.005. In turn, § 554.006 provides that "[a] public employee must initiate action under the grievance or appeal procedures of the employing state or local governmental entity relating to suspension or termination of employment or adverse personnel action before" filing suit. *Id.* § 554.006(a). Any "[t]ime used by the employee in acting under the grievance or appeal procedures is excluded" from the ninety-day filing deadline. *Id.* § 554.006(c). If the employee initiates the grievance procedure, and "a final decision is not rendered before the 61st day after the date procedures are initiated . . . , the employee may elect to" (1) exhaust the grievance or appeal procedures or (2) terminate the procedures and sue within the time remaining on the ninety-day deadline. *Id.* § 554.006(d). "The ninety-day filing deadline is . . . a jurisdictional statutory prerequisite to suit, and a claim that fails to meet that deadline may properly be disposed of by a jurisdictional plea." *Sims*, 620 S.W.3d at 379.

### III.    DISCUSSION

The jurisdictional fact at issue is whether Wylie's October 23, 2020 letter constituted a final decision on Bautista's appeal and the exhaustion of the City's grievance procedure, thereby beginning the ninety-day clock for Bautista to file suit. *See* TEX. GOV'T CODE ANN. § 554.006. If it did, then Bautista's suit was untimely, and the City's plea to the jurisdiction should have been granted. But, under the relevant standard of review, we cannot conclude that the trial court erred by denying the City's plea. *See Maspero*, 640 S.W.3d at 528. Based on the evidence in this case, the trial court could have reasonably determined that a fact issue existed as to what Wylie intended to convey through his letter. *See id.* at 529; *Miranda*, 133 S.W.3d at 227–28.

7

At the hearing on the City's plea, Bautista argued that Wylie's letter was "at best . . . wildly ambiguous." As evidence, Bautista presented Wylie's letter itself. Though Wylie stated in his affidavit that he intended his letter to be a final determination in Bautista's appeal, the letter itself does not plainly convey that intent and contains no clear language signifying his decision's finality. Instead, Wylie's letter states Bautista "did not provide the required minimum information to consider [his] correspondence an appeal" and lists the requirements for a valid appeal under the City's Personnel Policy Manual. Wylie concluded his letter noting that "[a]t this time" he would be upholding the decision to terminate Bautista's employment. It is unclear whether Wylie intended to (1) uphold Bautista's termination "at this time" contingent on Bautista's filing a corrected appeal as per the policy manual or (2) render an unfavorable final decision on Bautista's appeal "at this time" because Bautista did not file a proper appeal.

Bautista believed Wylie's letter merely informed him that his correspondence was not an appeal and advised him of the way to file a proper appeal. That belief finds support in the record, given that Bautista did in fact send a second letter to Wylie on December 7, 2020, still within the ninety-day limitations period, stating as follows: "Please consider this a response to your letter dated October 23, 2020, . . . wherein you claim the original filing of my appeal was deficient. Below, I clarify each of the issues cited by your letter in turn." Bautista provided the requisite information under Chapter 53 of the City's Personnel Policy Manual and requested a response as soon as possible.

Reviewing the evidence in a light most favorable to Bautista, we find that a reasonable jury could conclude, as Bautista did, that Wylie's letter was not a final decision

8

on Bautista's appeal, but instead served to inform Bautista of the information he needed to submit for his letter to constitute a proper appeal. *See Mosbacker*, 94 S.W.3d 292, 294. As such, a "fact question on jurisdiction" exists, and dismissal on the City's plea to the jurisdiction would have been improper. *See Maspero*, 640 S.W.3d at 529 (holding that the trial court must deny plea to the jurisdiction if the evidence presents a fact question concerning jurisdiction); *Miranda*, 133 S.W.3d at 227–28 (same); *see also County of El Paso v. Latimer*, 431 S.W.3d 844, 850 (Tex. App.—El Paso 2014, no pet.) (affirming denial of County's plea to the jurisdiction because the evidence in the record concerning a jurisdictional fact "was unclear . . . such that the trial court could have reasonably determined that . . . a fact issue was raised"). The trial court denied the City's plea, and so it did not err. Accordingly, we overrule the City's sole issue.[1]

## IV.   CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
22nd day of December, 2022.

---

[1] The City argues that a ruling in favor of Bautista "would set a dangerous precedent." "[U]pholding the trial court's decision," the City contends, "would place governmental employers in . . . impossible situation[s] by sending the message to employees that they can ignore the explicit wording in personnel policy manuals, and ignore explicit wording in final decision letters from their employer[s] by simply responding again, to toll the statute of limitations [under the Whistleblower Act]." *See* TEX. GOV'T CODE ANN. § 554.006(c) ("Time used by the employee in acting under the grievance or appeal procedures is excluded . . . from the [ninety-day filing] period."). We do not share the City's concern. Contrary to the City's contention, the wording in Wylie's October 23, 2020 letter on Bautista's appeal was not "explicit." Instead, as discussed above, the letter was ambiguous as to whether Bautista had exhausted his administrative remedies.