

# NUMBER 13-22-00041-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**ROBERTO ESCAMILLA,** **Appellant,**

**v.**

**RICARDO CADENA,** **Appellee.**

## On appeal from the 93rd District Court
## of Hidalgo County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Silva and Peña
Memorandum Opinion by Chief Justice Contreras**

Appellee Ricardo Cadena filed suit on a note against appellant Roberto Escamilla claiming that Escamilla defaulted on the loan. The trial court granted summary judgment in favor of Cadena. By two issues on appeal, Escamilla argues that the trial court erred by (1) granting Cadena's motion for summary judgment and (2) denying Escamilla's

motion for new trial. We reverse and remand.

## I.  BACKGROUND

Cadena filed suit on November 20, 2017, alleging that he agreed to loan Escamilla $315,471, Escamilla defaulted on the loan, and Escamilla still owed him the full sum of money. Cadena's petition included a request for disclosures under Rule 194 of the rules of civil procedure. *See* TEX. R. CIV. P. 194.[1] Attached to Cadena's petition was a promissory note (Note) for $315,471 and a debt acknowledgment agreement containing the agreed loan terms, both of which were signed before and certified by a notary public.[2] In January 2019, Escamilla filed his original answer in which he raised a challenge to personal jurisdiction and generally denied Cadena's claims, but he asserted no affirmative defenses.

In May 2019, Cadena deposed Escamilla. At his deposition, Escamilla admitted the Note and debt acknowledgment agreement were "signed before a notary." And when explicitly asked whether his signature was on the documents and whether he would agree that he still owed Cadena the full $315,471 loan principal, Escamilla answered affirmatively. Escamilla testified that he had made some interest payments on the loan, received receipts from Cadena "[e]very time [the interest payments] were paid," and still possessed those receipts.

---

[1] Any reference to Rules 190–198 of the rules of civil procedure herein is to the version of the rule that existed prior to January 1, 2021. *See Final Approval of Amendments to Texas Rules of Civil Procedure 47, 99, 169, 190, 192, 193, 194, 195, 196, 197, and 198*, Misc. Docket No. 20-9153 (Tex. Dec. 23, 2020) (amending the rules and noting that "[t]he rules amended by this Order continue to govern procedures and limitations in cases filed before January 1, 2021").

[2] As provided in the debt acknowledgment agreement, the parties had previously entered two agreements and executed two notes equaling $315,471. The relevant Note here replaced the two prior notes.

In November 2019, Cadena filed his motion for summary judgment, attaching copies of the Note, the debt acknowledgement agreement, and Escamilla's deposition transcript. Escamilla filed his response to Cadena's motion for summary judgment in February 2020, attaching as evidence two affidavits. In the first affidavit, Escamilla stated that the Note "was typed onto the paper after [he] had signed a blank sheet of paper." He continued:

> . . . In other words, the [Note] was printed onto a blank sheet of paper which bore my signature. I never agreed to the terms of the [Note] or the debt acknowledgment agreement.
>
> I do not owe [Cadena] the money stated in the [N]ote and in the debt acknowledgment agreement. I have had my accountant calculate the true amount that I owed to [Cadena], and after all credits and offsets, the amount that I owe [Cadena] is $45,471.00.

The second affidavit was sworn to by Juan Ramon Ruiz Montalvo, who alleged he was Escamilla's accountant. Montalvo stated as follows: "I have reviewed the transactions between [Escamilla] and [Cadena]. I have attached a summary of the transactions to this [a]ffidavit. An examination and review of the transactions shows that after all credits and offsets, the amount that [Escamilla] owes [Cadena] is $45,471.00." The purported summary of transactions, entitled the "account status between [Escamilla] and [Cadena]," took the form of a spreadsheet. No other evidence was presented or attached to Montalvo's affidavit.

Escamilla also filed a "supplemental answer" in February 2020, in which he again asserted that he signed a blank sheet of paper upon which the Note was subsequently printed, he did not agree to the Note's terms, and he did not owe Cadena the money alleged in Cadena's petition or on the Note.

3

In March 2020, Cadena filed his reply to Escamilla's response to his motion for summary judgment and motion to strike Montalvo's affidavit. In his reply, Cadena argued that he requested disclosures from Escamilla, and Escamilla never designated any experts. Accordingly, Cadena contended that Montalvo was not properly designated under Rule 194.2 of the rules of civil procedure as an expert witness, and his affidavit was not admissible as summary judgment evidence. Cadena also asserted that Montalvo "bases his opinion on a 'review' and an 'examination of the transactions between [Escamilla] and [Cadena].'" "However," Cadena continued, Montalvo "fail[ed] to attach any of said transactions which would presumably include checks, receipts, bank drafts[,] or other evidence showing or evidencing payments on the debt by [Escamilla]." Cadena argued that the lack of evidence rendered Montalvo's affidavit "meaningless," and that it "should not be considered as summary judgment proof."

On March 3, 2020, the trial court heard arguments on Cadena's motion for summary judgment. At the hearing, in addition to raising his objection to Montalvo's affidavit, Cadena contended that Escamilla's deposition testimony (in which he admitted to signing the Note and debt acknowledgment agreement) contradicted Escamilla's affidavit (in which he alleged he signed a blank sheet of paper and did not agree to the amount specified on the Note). Escamilla disagreed, noting that he was never asked at his deposition whether he signed the Note or debt acknowledgement agreement, but only whether his signature was on the documents.

Following the summary judgment hearing, Cadena filed a supplemental reply to Escamilla's response to his motion for summary judgment in the form of a letter brief. The

4

letter briefed the trial court on the "sham affidavit" doctrine referenced (though not by name) at the summary judgment hearing, averred that Escamilla's affidavit was a sham, argued that the affidavit could therefore not be used as summary judgment evidence to raise a material issue of fact, and requested that the trial court grant his motion for summary judgment.

On October 26, 2021, the trial court granted Cadena's motion for summary judgment.[3] Escamilla filed a motion for new trial on November 29, 2021, raising the same arguments he did in his response to Cadena's motion for summary judgment. The trial court denied Escamilla's motion for new trial on December 28, 2021. And this appeal followed.

## II.    DISCUSSION

By his first issue, Escamilla argues that the trial court erred by granting Cadena's motion for summary judgment because a genuine issue of material fact existed as to whether he signed the Note or agreed to its terms.

### A.    Standard of Review & Applicable Law

#### 1.    Traditional Summary Judgment

We review a trial court's order granting summary judgment de novo. *Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 705 (Tex. 2021). We take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Bush v. Lone Oak Club, LLC*, 601 S.W.3d 639, 646 (Tex. 2020). When a trial court's order does not specify the grounds for its summary

---

[3] There is no order in the record granting or denying Cadena's motion to strike Montalvo's summary judgment affidavit.

5

judgment, we must affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005).

To be entitled to traditional summary judgment, a movant must establish there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 130 (Tex. 2018). "A genuine issue exists if 'the evidence is such that a reasonable jury could find that fact in favor of the non-moving party.'" *Smith v. Mosbacker*, 94 S.W.3d 292, 294 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.) (quoting *Moore v. K Mart Corp.*, 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied)). "Material facts are those facts which 'affect the outcome of the suit under the governing law.'" *Id.* (quoting *Moore*, 981 S.W.2d at 269). If the movant meets its burden, "the burden shifts to the nonmovant to raise a genuine issue of material fact precluding summary judgment." *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018).

Under the "sham affidavit rule," a "nonmovant cannot defeat a motion for summary judgment by submitting an affidavit which directly contradicts, without explanation, his previous testimony." *Id.* at 85. The sham affidavit rule "may be applied when (1) the affidavit is executed after [a] deposition and (2) there is a clear contradiction on (3) a material point (4) without explanation." *County of El Paso v. Aguilar*, 600 S.W.3d 62, 75 (Tex. App.—El Paso 2020, no pet.) (cleaned up).

An objection to summary judgment evidence under the sham affidavit rule "is an objection complaining of a defect in form of [the] affidavit." *Hogan v. J. Higgins Trucking,*

6

*Inc.*, 197 S.W.3d 879, 883 (Tex. App.—Dallas 2006, no pet.); *see Murray v. Nabors Well Serv.*, 622 S.W.3d 43, 51 (Tex. App.—El Paso 2020, no pet.); *see also Sullivan v. Aransas Cnty. Navigation Dist.*, No. 13-10-00135-CV, 2011 WL 61846, at *6 n.6 (Tex. App.—Corpus Christi–Edinburg Jan. 6, 2011, no pet.) (mem. op.). "Defects in form of an affidavit must be objected to, and the . . . failure to obtain a ruling on an objection to a defect in form waives the objection." *Hogan*, 197 S.W.3d at 883; *see Seim v. Allstate Tex. Lloyds*, 551 S.W.3d 161, 166 (Tex. 2018) (per curiam) ("[W]hen an affidavit suffers from a mere defect in form, that flaw must be objected to and ruled upon by the trial court for error to be preserved."); *see also Scott v. Hunt*, No. 01-11-00042-CV, 2012 WL 983339, at *5 (Tex. App.—Houston [1st Dist.] Mar. 22, 2012, no pet.) (mem. op.) ("A party must object in writing and obtain an express or implied ruling from the trial court to preserve a complaint about the form of summary judgment evidence." (first citing Tex. R. Civ. P. 166a(f); then citing Tex. R. App. P. 33.1(a)(2)(A); and then citing *Grand Prairie I.S.D. v. Vaughan*, 792 S.W.2d 944, 945 (Tex. 1990) (per curiam))). "A ruling is implicit if it is unexpressed, but capable of being understood from something else." *Hogan*, 197 S.W.3d at 883. "For there to be an implicit ruling on a party's objection to summary[ ]judgment evidence, some indication must appear in the record or in the summary judgment itself, other than the mere granting of the summary judgment, that the trial court ruled on the objection." *SSP Partners v. Gladstrong Invs. (USA) Corp.*, 169 S.W.3d 27, 34 (Tex. App.—Corpus Christi–Edinburg 2005); *see Delfino v. Perry Homes*, 223 S.W.3d 32, 35 (Tex. App.—Houston [1st Dist.] 2006, no pet.) ("[R]ulings on a motion for summary judgment and objections to summary judgment evidence are not alternatives; nor are they

7

concomitants. Neither implies a ruling—or any particular ruling—on the other."); *see also Massey v. DISA Glob. Sols., Inc.*, No. 01-21-00355-CV, 2022 WL 3970075, at *8 (Tex. App.—Houston [1st Dist.] Sept. 1, 2022, no pet.) (mem. op.) (same); *Scott*, 2012 WL 983339, at *5 (same).

### 2.    Suit on a Note

To recover on a debt due under a promissory note, the plaintiff must establish that: (1) the note in question exists; (2) the debtor executed the note; (3) the lender is the holder or owner of the note; and (4) a certain balance is due and owing on the note. *Manley v. Wachovia Small Bus. Cap.*, 349 S.W.3d 233, 237 (Tex. App.—Dallas 2011, pet. denied).

## B.    Analysis

Through Escamilla's deposition testimony, Cadena successfully established a right to recover on the Note: Escamilla admitted that the Note exists; admitted that he signed the Note; and admitted that Cadena was the owner of the Note to whom the full balance was due and owing. *See id.* The burden then shifted to Escamilla to provide evidence creating a material issue of fact. *See Lujan*, 555 S.W.3d at 84. The question here is whether Escamilla's affidavit[4] created a fact issue to preclude summary judgment. *See* TEX. R. CIV. P. 166a(c). We conclude that it did.

In his letter brief to the trial court, Cadena objected to Escamilla's affidavit on the basis that it was a sham. But nowhere in the record—including the summary judgment hearing transcript, the summary judgment order, or elsewhere—did the trial court rule on

---

[4] Escamilla does not address Montalvo's affidavit on appeal.

8

Cadena's objection. *See Seim*, 551 S.W.3d at 166. And the trial court's mere granting of Cadena's motion for summary judgment does not indicate a ruling on Cadena's objection to summary judgment evidence. *See id.*; *SSP Partners*, 169 S.W.3d at 34. Accordingly, regardless of whether it contradicts his prior deposition testimony, Escamilla's affidavit is part of the summary judgment record, and we cannot disregard it on appeal. *See Hogan*, 197 S.W.3d at 883; *see also Am. Idol Gen., LP v. Pither Plumbing Co.*, No. 12-14-00134-CV, 2015 WL 1951579, at *3 (Tex. App.—Tyler Apr. 30, 2015, no pet.) (mem. op.) (concluding that there was no ruling on an objection to a purported sham affidavit, so "the affidavit is subject to consideration as part of the summary judgment record"); *Scott*, 2012 WL 983339, at *5.

Cadena argues that there is no genuine issue of material fact that he owns the Note, that Escamilla executed the Note, and that Escamilla still owes the full amount due. *See* TEX. R. CIV. P. 166a(c); *Manley*, 349 S.W.3d at 237. But, in his affidavit, Escamilla contended that he signed a blank sheet of paper, never agreed to the terms of the Note or debt acknowledgment agreement, never signed the Note, and does not owe Cadena the amount stated on the Note. Taking the evidence in the affidavit as true, as we must here, we conclude that a material issue of fact exists as to whether Escamilla executed the Note, which is an essential element of Cadena's claim. *See* TEX. R. CIV. P. 166a(c); *Bush*, 601 S.W.3d at 646; *Mosbacker*, 94 S.W.3d at 294; *Manley*, 349 S.W.3d at 237 (listing elements to recover on a note). Accordingly, the trial court improperly granted summary judgment. *See Hill v. Allstate Fire & Cas. Ins.*, 652 S.W.3d 516, 522 n.2 (Tex.

9

App.—Houston [14th Dist.] 2022, no pet.); *Hogan*, 197 S.W.3d at 886.[5]

We sustain Escamilla's first issue.[6]

### III.   CONCLUSION

We reverse the trial court's judgment and remand for further proceedings.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
20th day of April, 2023.

---

[5] Cadena also contends in the context of Escamilla's motion for new trial that when "a party files late summary-judgment evidence . . . and nothing appears in the record to indicate that the late filing was accepted, the evidence will not be considered as being before the trial court when it ruled on the motion for summary judgment." Though Cadena raises this contention in opposing Escamilla's motion for new trial, we note for the sake of thoroughness that Escamilla's summary judgment evidence was timely filed and thus properly before the trial court when it ruled on Cadena's motion for summary judgment.

Rule 166a provides that, except on leave of court, a response to a motion for summary judgment—including any opposing affidavits or other evidence—must be filed seven days before the summary judgment hearing. TEX. R. CIV. P. 166a(c). Here, the summary judgment hearing was held on March 3, 2020, and Escamilla timely filed his summary judgment evidence seven days prior on February 25, 2020. *See id.*

[6] Having sustained Escamilla's first issue, we need not address his second. *See* TEX. R. APP. P. 47.1, 47.3.